STATE OF MISSOURI, EX REL. ANNE E. GAWTRY ET AL., *v.* ELMER B. ADAMS, Judge.

### January 25, 1881.

1. In an application for *mandamus* to compel a trial judge to approve, and permit the filing of, an appeal-bond, the question of the sufficiency of the bond to operate as a *supersedeas* cannot be determined.

2. *Mandamus* will lie to compel the trial court to allow to be filed an appeal-bond where the sureties are sufficient, irrespective of the amount of the penalty named therein.

APPLICATION for *mandamus*.

*Peremptory writ awarded.*

J. M. & C. H. KRUM, for the relators.

BALDWIN, HAMILTON, and N. HOLMES, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

A bill in equity was filed in the St. Louis Circuit Court, the general object of which was to subject certain real estate, the separate property of Anne E. Gawtry, a married woman, to the payment of a personal contract alleged to

have been made by her.   The cause coming on to be heard,
a decree was made charging the real estate of the defend-
ant, Anne E. Gawtry, with the sum of $12,546.71, being
the amount, with interest, of the note alleged to have been
executed by her, and ordering that the said real estate be
sold to satisfy the note.   Mrs. Gawtry, after taking the
usual steps, presented her affidavit for an appeal, and ten-
dered a bond with sufficient sureties, in the penal sum of
$1,000.   The court refused to approve this bond, and re-
fused to allow it to be filed, solely on the ground that the
penalty of the bond is not double the amount of the debt
found in the decree to be due the plaintiff.   Thereupon
Anne E. Gawtry petitions this court to award her a writ
of *mandamus* commanding the judge of the Circuit Court
to accept the bond offered, and order it to be filed.   The
judge of the Circuit Court waives the issuing of an alterna-
tive writ, and admits in writing that the petition for a *man-
damus* (the substance of which is set out above) contains
a true and correct statement of the facts.

"No bail in error was required at common law; so that
the defendant, by bringing a writ of error, might have
delayed the plaintiff of his execution without giving any
security, either for the prosecution of such writ, or for the
payment of the debt or damages recovered by the former
judgment in case it should be affirmed, or the writ of error
should be discontinued, or the plaintiff in error non-suited
therein." 2 Tidd's Pr. 1147.   This inconvenience has been
remedied in England by statute.   In the third year of James I.
(3 Jac. I., chap. 8) it was provided that no *supersedeas* should
be sued upon an execution unless the person in whose name
the writ of error is brought shall first be bound with two
sufficient sureties, such as the court wherein the judgment
was given shall allow of, by recognizance to be acknowl-
edged in the same court, in double the sum adjudged to be
recovered by the former judgment.   This statute was con-

fined to the particular actions enumerated in it.   2 Tidd's Pr. 1148.

The statute in force in Missouri provides that "the court from which the appeal is prayed shall make an order allowing the appeal; and such allowance thereof shall stay the execution in the following cases :   *   *   *   Second, when the appellant or some responsible person for him, with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into recognizance to the adverse party in a penalty double the amount of whatever debt, damages, and costs, or damages and costs, have been recovered on such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon the appeal, conditioned," etc.

It is our opinion that under the existing law in this State, as the party aggrieved may appeal without giving bond, so, on appeal, he may tender, and the court should allow him to file, a bond with such penalty as seems good to the appellant.   The court is concerned with the sufficiency of the sureties ; but not at all, we think, with the amount of the penalty in the appeal-bond.   The appellant fixes that at his own risk.   If either party desire to raise a question as to the sufficiency of the bond to work a stay of execution, we know not how this can be done otherwise than by some application to the court touching the issuing or recall of the execution.

It is our opinion that it was the duty of the Circuit Court to receive and file the bond offered in this case, if otherwise good, without regard to the amount of the penalty.

As the facts are admitted, the peremptory writ will issue. All the judges concur.