STATE OF MISSOURI *ex rel.* MICHAEL DUGGAN, Petitioner, v. DANIEL DILLON *et al.*, Respondents.

### St. Louis Court of Appeals, June 16, 1888.

PROHIBITION—APPEAL—SUPERSEDEAS.—An appeal bond in a sum less than the amount of the judgment or decree appealed from will not operate as a *supersedeas;* and the court in which the judgment was rendered cannot be restrained by prohibition from enforcing the same by execution.

APPLICATION for a writ of prohibition.

*Petition dismissed.*

A. J. P. GARESCHÉ, for the relator: Pending an appeal, the court had no right to make the order of distribution, because a violation of its own decision at the previous term in the same cause. By appeal it lost all jurisdiction of the case. *Ladd v. Couzins,* 35 Mo. 513 ; *Stewart v. Stringer,* 41 Mo. 405 ; *Baasen v. Eilers,* 11 Wis. 77; *Bryan v. Berry,* 3 Cal. 135 ; *Levi v. Karrick,* 15 Iowa, 444 ; *Isler v. Brown,* 69 N. C. 125 ; *Thomas v. Sullivan,* 11 Nev. 280 ; *Whaley v. Charleston,* 8 S. C. 346 ; *Holland v. State,* 15 Fla. 552. " But writ of error or appeal lies." True, as a rule, this fact is an answer to a writ of prohibition, but not always. High on Ex. Rem. [2 Ed.] p. 632, sec. 789. In 20 N. Y. 531, the court divided as to the right of oyer and terminer to grant a new trial, but concurred unanimously, that if it erred, prohibition was the proper remedy. And especially do we cite : *State v. Wilcox,* 24 Minn. 147 ; 21 W. Va. 141, and authorities. And if the order be not a judgment as to the point that then this court has no jurisdiction, because an interference with the jurisdiction of the Supreme Court, there is an express answer in *State v. Seay,* 23 Mo. App. 628. Was there an

appeal ? Why not ? There was no recovery against Thornton, Duggan, or Kenrick. Under judgment rendered no execution could have issued for any sum not even for the costs. Freeman on Judgments [3 Ed.] sec. 51. All that the petition asked was, that as plaintiff held a judgment against Thornton which he could not collect, that its amount, principal, interest, and costs, should be a lien on the payments to Thornton accruing from the trust fund in the hands of Archbishop Kenrick. This the decree did do—found how much there was unpaid on this judgment and sequestrated for its payment the annuities then due and later to accrue to Thornton. The court had no right to go further in respect to Archbishop Kenrick. It has no jurisdiction of the fund in his hands. And especially it could not in this action, where the reversioners were not parties, and only the annuitant for life. Moreover, though, by the appeal, the judgment is superseded, that leaves in full force the order of January 18, 1887, which directed that the future payments to accrue should be by the archbishop paid into the hands of the clerk. So, too, this question of an appeal is *res adjudicata.* I assume that somewhere resides the jurisdiction to determine it. And I assume that it resides in the circuit court whose duty it is to approve the bond and the sureties, with power during the term to set it aside for cause. But that having granted the appeal the case then becomes of the jurisdiction of the Supreme Court. If proper bond have been given, then the appeal is valid, the circuit court is stripped of its jurisdiction, the order of distribution void. Hence the writ prayed for must issue. If respondent be aggrieved his application must be to the Supreme Court. *State v. Judges*, 47 Mich. 646 ; *Keyser v. Farr*, 105 U. S. 266; *State ex rel. v. Judge*, 30 La. Ann. 1016.

CUNNINGHAM & ELIOT, for the respondent: The writ of prohibition applied for by the relator should be denied. ( 1 ) Because by virtue of the appeal taken on

the twenty-ninth of March in the case in the circuit court, jurisdiction of that appeal vested immediately in the Supreme Court of Missouri. That court being already possessed of that cause, this court should not interfere with its supervision of the inferior court touching that case. (2) This extraordinary remedy of a writ of prohibition will not be applied by courts except "in cases where the exigencies of the particular case make the exercise of the power an imperative duty in order to prevent the miscarriage of justice." *State ex rel. v. Seay*, 23 Mo. App. 629. "It should never be granted against the inferior tribunal except in cases where the usurpation of jurisdiction by that tribunal is clear." *Ibid.* (3) The writ of prohibition will not issue if the proceeding sought to be prohibited is only ministerial. High on Extra. Rem., sec. 769 ; *State ex rel. v. Clark County*, 41 Mo. 44. The order of the circuit court entered on the eighth of May was a ministerial and not a judicial act. It did not seek to affect the decree already entered nor the merits of the controversy which had been adjudicated. High on Extra. Rem., sec. 769, and cases cited. (4) The writ if issued in this case would operate simply as a stay of execution of the decree of the circuit court. The only method provided by law for the stay of execution where an appeal has been taken, is the giving by the appellant or some one for him of a bond with sureties in a penalty double the amount for which judgment is rendered. Rev. Stat., sec. 3713. The giving of such a bond as will stay execution is a matter at the risk of the appellant, who alone is required if he desires to stay execution to see to it that his bond is sufficient under the statute to effect that object. Neither the trial court nor the court exercising supervisory control over the trial court can help the appellant if he fails to see to it that his bond is sufficient. *State ex rel. v. Adams*, 9 Mo. App. 464. The stay of execution is in Missouri purely a matter of statute. *Railroad v. Atkison*, 17 Mo. App. 494 ; *State*

*v. Horner*, 10 Mo. App. 318. The language of the statute ( sec. 3713 ) is imperative. It provides ( speaking of the allowance by the court of an appeal ), ''such allowance thereof shall stay the execution in the following cases, and no others.'' Here the legislature has not only undertaken to prescribe the conditions precedent to a stay of execution, but it has expressly forbidden the courts to exercise any discretion whatever. If the sureties upon the bond are sufficient and the conditions of the bond are such as the statute prescribes, then the trial court is bound to accept the bond offered, no matter what its penalty. It is, therefore, absurd to say that because the trial court accepted a bond, that bond operated a stay of execution. *Railroad v. Atkison*, 17 Mo. App. 494, 495 ; *State ex rel. v. Adams, supra.*

THOMPSON, J., delivered the opinion of the court.

This application arises in this way: On the sixteenth of June, 1881, Michael Carroll recovered a judgment in the circuit court of Dubuque county, Iowa, against John Thornton for the sum of $4,499.00 with interest and costs. Thereafter Carroll commenced a suit in equity in the circuit court of the city of St. Louis, to sequester certain annuities payable to Thornton as life tenant by Peter Richard Kenrick, trustee. By consent, Archbishop Kenrick paid into court two semi-annual instalments of the profits of the estate held by him, and the court made an order that he should pay into court the successive instalments until the further order of the court, subject to his right of an allowance to be thereafter made, which should be taxed as costs in the cause. By agreement, Michael Duggan was made a party defendant in the character of assignee of the interest of Thornton. In the meantime Carroll died, and the suit was revived in the name of Tittmann, public administrator. Thereafter such proceedings were had that, on the twenty-sixth day of January, 1888, a final decree was entered, charging the plaintiff's judgment on the rents, issues, and profits of the fund in the hands

of Archbishop Kenrick, requiring him to pay the same into court for the use of the plaintiff until the amount found due by the decree should be satisfied, or until the death of Thornton should appear; directing the clerk of the court, after the payment of the costs, to pay the balance of the fund in his hands (paid into his hands by Archbishop Kenrick, as already stated) to the plaintiff Tittmann, and providing that the cause be retained for the further satisfaction of the decree in the manner aforesaid, until the same be fully satisfied, or until the death of the defendant Thornton be made to appear to the court. From this decree the defendant Duggan, professing to act for himself and the other defendants, prosecuted an appeal to this court, and gave an appeal bond, couched in the usual terms, in the sum of eight hundred and. fifty dollars. The plaintiff's judgment with interest and costs amounted at the time of this decree to something more than six thousand dollars, but as the fund out of which the instalments issued, which Archbishop Kenrick was required by the decree to pay into court, was settled upon him in trust to pay the same to Thornton during his natural life, remainder to others, the amount which would ultimately be paid into court under the decree might at any time be determined by the death of Thornton. It is to be noticed, in this state of facts, that there is a question of some difficulty, whether the appeal properly lay to this court or to the Supreme Court, but we pass this as a matter not necessary to our decision.

The judgment of the circuit court was in favor of the plaintiff Tittmann in the sum of $6,323.19. The fund presently disposed of by the judgment of the court appears to have exceeded nineteen hundred dollars. The death of Thornton might prevent the fund disposed of under the judgment from ever reaching the sum of twenty-five hundred dollars, though if he should live until the decree should be satisfied by the gradual sequestration of the profits of the fund in the hands of the archbishop, according to its terms, the amount paid

into court, and thence paid to the plaintiff, would, as already seen, amount to more than six thousand dollars, which amount would oust this court of jurisdiction and vest the appellate jurisdiction over the cause in the Supreme Court.

After this appeal had been granted and this bond given, and the term at which the decree was rendered had elapsed, on motion of the plaintiff, the court made an order upon the clerk to pay over to him such sum as was then in his hands subject to the decree, after satisfying the costs then accrued. To restrain the execution of this order, Michael Duggan, the appellant and defendant in that suit, brings into court a petition for a writ of prohibition against the judge of the circuit court, the clerk of said court, and the public administrator, who is the plaintiff in that suit. The substantial question for our decision is, whether the circuit court is acting without jurisdiction in directing the disbursement of this fund, and, if so, whether the petitioner has exhausted his remedy in that court.

This court is of opinion that the order of the circuit court is merely an order in the nature of an *execution* of its decree; that the bond, which was given in the sum of eight hundred and fifty dollars, is not a sufficient bond to supersede the execution of the decree, under the terms of section 3713 of the Revised Statutes; and that, consequently, the circuit court has jurisdiction to proceed with the execution of its decree under the doctrine announced by this court in *State ex rel. v. Adams*, 9 Mo. App. 464. By the terms of the statute (Rev. Stat., sec. 3713), the allowance of an appeal stays the execution "in the following cases, and no others: * * * Second, when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party, in a penalty double the amount of whatever debt, damages, and costs, or damages and costs, have been recovered by

such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon appeal," etc. It is scarcely necessary to say that, where the fund which is the subject of the immediate operation of a final judgment is over nineteen hundred dollars, which appears to be the case here, and subject to be increased by semi-annual payments of six hundred dollars, a bond in the sum of eight hundred and fifty dollars does not satisfy this statute and work a *supersedeas* of the decree. Unless, therefore, there is something in the circumstance that this fund is in the hands of the clerk, and that the subsequent payments of instalments by the trustee will be made to the clerk until a fund is raised sufficient to satisfy the decree, unless the life tenant dies in the meantime to take the case out of the statute, the case must be decided for the defendants upon the reading of the statute, and in view of its settled construction, without entering upon any further consideration. An appeal may be prosecuted without giving any bond at all; and, where an appeal bond is tendered, the court to which it is tendered is concerned only with the goodness of the sureties, and not with the amount of the bond. The appellant must see, at his peril, that the bond is sufficient in amount to operate as a *supersedeas* under the statute, and whether it does so operate is a question which does not arise for decision when the bond is tendered, but which arises (as in the present case) when execution is sued out to enforce the judgment, notwithstanding the appeal. *State ex rel. v. Adams*, 9 Mo. App. 464. A *supersedeas* is obtained only by complying with the statute, and an appeal bond works a *supersedeas* only when it is sufficient under the terms of the statute. *Mo. Pac. Ry. Co. v. Atkison*, 17 Mo. App. 494.

The statute contains no exceptions applicable to a case where the fund disposed of by the judgment is in the hands of the clerk of the court or of any other bonded officer. And, while the fund would undoubtedly

be entirely safe in the hands of the excellent and responsible officer who now holds it, yet as the law has made no exception applicable to such a case, we can make none. The same observations may be made concerning so much of the decree as requires the archbishop to pay the successive instalments into court until the further order of the court. If the appeal were held to be a *supersedeas* of the decree, it would seem that it would operate as a *supersedeas* of that part of the decree which requires the archbishop to pay these instalments into court; so that, during the pendency of the appeal, the plaintiff will have, for the performance of this part of the decree, no better security than the solvency of the trustee who holds the fund. While there is not the slightest room to doubt that the venerable prelate who has taken on himself the burden of acting as trustee in this case will comply with the decree of the court so far as he is concerned; yet it is to be observed here, as in the case of the clerk, that the law—and especially the statute law,—does not adjust its rules according to the character of particular persons.

It is stated in the petition and was pressed upon our attention in the oral argument, that the circuit court fixed a bond in the sum of eight hundred and fifty dollars, as a bond which, under the circumstances of the case, would operate as a *supersedeas* of the decree. The circuit court can only speak by its records, and no record of that court has been presented to us which contains any order characterizing the bond as sufficient for a *supersedeas*. We cannot adjust our holdings to any allocution, which may be shown by oral testimony or otherwise, to have passed between the circuit judge and a party before him tendering an appeal bond. The judge was bound, under our decision in *State ex rel. v. Adams, supra*, to accept a bond in any sum which was tendered, provided he found the sureties to be good; and the question whether the bond would operate as a *supersedeas* of the judgment did not arise then, but properly arose when the plaintiff moved for an order in the

nature of execution. Whatever may have been said by the judge to the appellant, when the bond was accepted, would not change the law, or be the act of the court, or estop the court, in respect of its subsequent dealings with the case ; nor can it have any effect on our decision.

The circuit court, then, had authority to proceed with the execution of its decree, notwithstanding the appeal ; and, laying out of view any other questions which might have been discussed if this conclusion were at all doubtful, the judgment of the court will be that the present petition be dismissed. It is so ordered. PEERS, J., concurs ; ROMBAUER, P. J., is absent.