NELLIE McCLOSKEY, Respondent, v. JOHN Mc-
CLOSKEY, Appellant.

**St. Louis Court of Appeals, March 18, 1902.**

**Divorce:** FATHER LIABLE TO MOTHER FOR NECESSARY DIS-
BURSEMENTS TO MINOR CHILDREN AFTER DIVORCE. The
father remains liable to the mother for necessary disbursements
made by her in behalf of the minor children, after a decree of
divorce.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B.
Douglas,* Judge.

AFFIRMED.

*J. M. Holmes* for appellant.

(1) The first proposition upon which we rely is that a
father can not be charged with necessaries furnished to his
minor children unless it is shown that they were furnished
after a refusal, or conduct which is equivalent to a refusal,
on the part of the father to furnish them. Rogers v. Turner,
59 Mo. 116. In the present case nothing of the sort was
shown. On the contrary, the evidence not only fails to show
a refusal, but it shows affirmatively an ability and a willing-
ness on the part of defendant to furnish all things necessary
for his children, and an express request to them, after the
separation of plaintiff and defendant, to call on him for what
they needed. The evidence further shows that they failed to
call, and that such failure was due to the influence of plain-
tiff, who had complete control over them and was systematic-
ally doing all in her power, to bring about a thorough alienation

of the affections of the children from the defendant.  (2) Our next proposition is that a father can not be charged with necessaries furnished to his minor children when they have voluntarily and without adequate cause left his care, custody and control.   Angel v. McClellan, 16 Mass. 28.   In the present case the evidence shows that the elder children voluntarily and without adequate cause left the custody and control of defendant.   (3)   Our next proposition is that in case of separation of husband and wife, the wife can not charge the husband with the support and maintenance of a child who, siding with the wife, voluntarily leaves the husband and with the consent of the wife takes up his residence with her.   Foss v. Hartwell, 168 Mass. 66.   (4)   In the present case, this clearly appears to have been the situation so far as the elder children are concerned.   The evidence of plaintiff, defendant and their son establishes this.

*Given Campbell* and *Guy A. Thompson* for respondent.

(1)   It is primarily the duty of the father to support his minor children, and when he leaves them to the care of the mother he still remains liable for their support, and she may recover from the father such sum or sums as she has expended on said children for necessaries suitable to their age and condition of life.   Rankin v. Rankin, 83 Mo. App. 335; Chester v. Chester, 17 Mo. App. 657; R. S. 1899, secs. 3501, 5279; Town of Rumsey v. Keys, 7 N. H. 571; Kimball v. Keyes, 2 Wend. 43; Still v. Read, 5 R. I. 347.   (2)   When the marriage is dissolved by divorce the duty of the father to maintain his children remains the same as before, for the children are not parties to the divorce suit, and do not lose any rights thereby.   Bishop on Marriage, Divorce and Separation, secs. 1154, 1157; Rankin v. Rankin, supra; Zelly v. Dinwiddy, 40 L. R. A. 579; Thomas v. Thomas, 61 Wis. 249; Brinkmeyster v. Brinkmeyster, 38 Vt. 250.; Cowan v. Cowan, 57 Ind. 323.

GOODE, J.—Prior to January, 1898, appellant and respondent were husband and wife, residing in the city of St. Louis, Missouri, with their six children, of various ages, though all of them were minors during the period embraced by the account for which the respondent sued.

The parties were married in 1877, but ceased to live together some time before 1896, in February of which year John McCloskey instituted a divorce suit against his wife, who filed a cross-bill asking for alimony *pendente lite,* and for a decree for the maintenance of the children. That case was in this court and is reported in 68 Mo. App. 199, but it is in no way material to the determination of the present one, as no point about it is made by either party. Suffice to say, both the bill and cross-bill were dismissed in May, 1897. The husband and wife lived in the same house in St. Louis, but in a state of total estrangement until December 11, 1896, when the appellant left the house and state, repairing afterwards to North Dakota where he obtained a Dakota divorce, based on constructive service, in January, 1898. He stated in his brief that the decree in the Dakota case awarded him the custody of his children, but the decree is not contained in the record, nor any evidence to show that it did more than grant him a divorce.

This action was instituted on the eighteenth day of May, 1900, by Nellie McCloskey, the divorced wife of John McCloskey, to recover from him the necessary expense of boarding, clothing and otherwise providing for their six children, who had remained all the time with their mother from December, 11, 1896, when McCloskey left home to the first day of May, 1900, less the wages earned by the three older children, which she allows as a credit on the account.

The circuit court rendered judgment in her favor, from which judgment the present appeal is taken.

There is a point made (but very little, if any, conflict in the evidence) concerning whether Mrs. McCloskey pre-

vented her husband from enjoying the society of his children and participating in the care of them prior to the time he left home, or whether the children were terrified by him so that they shunned him.   He gives one version of this matter and she and the children another, and his version is principally, if not wholly, his opinion instead of facts.   What is conceded is, that he left home December 11, 1896, went to Dakota and thereafter procured the divorce as stated, and that he took none of his children with him nor asked to do so. He says himself he saw all of them the day he left, told them the way he and their mother were living was setting them a bad example and he would stay away until the trouble was over.

It is also admitted the mother supported the children from that time on and that the account filed by her was reasonable and accurate.

Appellant plants himself squarely on the proposition of law that he is not answerable to his wife for the expense she was put to in supporting his children if he was denied their custody and society, he contending that he was always willing to support them after he left home if they would come to him, in which contention the evidence does not bear him out, as will be immediately seen.

The following correspondence passed between the appellant and his wife's attorney subsequent to the dismissal of the first divorce suit:

"St. Louis, May 18, 1897.
"John McCloskey, Esq., 1211 Pine Street, City:
"Dear Sir:   I write on behalf of your wife and smaller children to know if you desire to make arrangements for their support in the shape of a weekly or monthly allowance, or in any other way that may be agreeable to you and your wife. Unless some arrangement is made, I shall have to institute a suit on their behalf for maintenance.   Not desiring to put

McCloskey v. McCloskey.

you to extra expense of court costs (your late experience prob-
ably having acquainted you with what they amount to)unless
it is absolutely necessary, I write to suggest that the matter
be adjusted out of the court.

"As this is the last week for filing suits to the June term
of court, I ask an immediate reply.

"Very respectfully,

"VIRGIL RULE."

"Virgil Rule:

"Sir: Replying to your communication, I am ready,
upon delivery into my custody of my children Nellie, Mary
and Clarence, to support and maintain them according to my
condition in life. As to the others, I recognize no liability.

"JOHN McCLOSKEY."

Appellant further testified that he wanted the three
younger children, but did not want the three older ones and
never made any request for them. The younger children were
eleven, seven and four years of age at the time this action was
instituted, so that they must have been very young when the
appellant left home; in fact the youngest was but a few
months old.

Assignments of error are based on the refusal of the
declarations of law requested by appellant and the following
will show his theory of the case:

"The court declares the law to be that a father while
charged with the obligation of suporting his children, is also
entitled to the enjoyment of their society and companionship
and assistance, and should the court sitting as a jury be satis-
fied from the evidence that the defendant was during the times
mentioned in the petition of plaintiff, able and willing to sup-
port his children in said petition mentioned, or any of them,
on condition that he should enjoy their custody, society, com-
panionship and assistance, and further find that the custody,

society, companionship and assistance of any of said children was withheld from him by plaintiff, then plaintiff can not recover in this action for any amount which she may have expended in the support and maintenance of such children, whose custody and society was by her withheld from defendant.

"The court declares the law to be that though the fact that plaintiff furnished to the children of the plaintiff and defendant the maintenance set forth in the petition is not in dispute under the pleadings in this case, yet the plaintiff can not recover from the defendant the cost of such maintenance furnished her said children, while living with her separate and apart from defendant, unless she has established to the satisfaction of the court sitting as a jury, by a preponderance of evidence, that such maintenance was furnished by her only after the neglect or refusal of the defendant to suitably maintain such children, upon demand being made upon him for such maintenance."

As to the three older children, it is at once apparent that appellant can not justly complain of the lower court's refusal to accept his theory that he was deprived of their custody and companionship, and, hence, is not responsible for their support, for he distinctly and unequivocally swore he never asked for those children and did not want them. Moreover, his answer to the letter addressed to him by respondent's attorney stated positively that he recognized no liability for their support, and he confirmed that statement by his testimony on the stand, during which he said they were old enough to take care of themselves, or, at least, earn wages. They did earn wages, and appellant was given credit for those earnings in the account sued on, which is admitted to be reasonable. The wages earned, however, were not sufficient to support them; nor is it shown that they could have earned more by reasonable diligence.

The children for whom, possibly, he made a request (al-

McCloskey v. McCloskey.

though it was only inferentially made, if at all), to-wit, Nellie, May and Clarence, were at that time aged eight, four and one year, respectively, and the two older were girls. It was plainly out of the question for the infant to be surrendered by its mother, as such a course would have imperiled its life; and it was unreasonable to ask the custody of the two little girls, who must have needed a mother's care. However, with those matters we are not materially concerned in this proceeding.

The undisputed evidence shows the appellant furnished nothing for the support of his children after the dismissal of the St. Louis divorce suit in May, 1897, and the question is whether he is answerable to his wife for what she paid out for their necessary support in excess of their earnings? It ought to be remarked in this connection, that there was practically no evidence to show she influenced the children to avoid their father. That was only an inference of his, as appears from the following testimony given by himself :

"Q. Why did these children avoid you? A. I can not tell the reason, except by the advice of their mother and attorney; I can not tell you.

"Q. You do not know the reason? A. I can not tell."

Mrs. McCloskey, the children and a servant who lived in the family, testified the mother did not keep the children away from him, but that they were afraid of him, and he testified that he saw them in the halls of their house.

The evidence as to who is to blame for the unhappy estrangement between the mother and father is contradictory, but the weight of it favors the former.

It may be conceded there is a conflict among the authorities as to whether a father of minor children who remain with their mother after a decree of divorce, is liable to the mother for the expense of their support. Two lines of cases are found in the books. One denying his liability, principally on the theory that no liability exists on the part of a father

for necessaries furnished to his minor children by any one in the absence of a contract, express or implied, and that in such instances, if the children voluntarily remain with their mother, or their custody is awarded to the mother, and the father desires to have them with him, an implied contract can not be raised against him to pay for their rearing. Incidentally too, the argument is advanced, that the father is primarily entitled to the labor, earnings and companionship of his children in consideration of his providing for them. Foss v. Hartwell, 168 Mass. 66; Fitler v. Fitler, 33 Penn. St. 50; Ramsay v. Ramsay, 121 Ind. 215; Baldwin v. Foster, 138 Mass. 449; Fulton v. Fulton 52 Ohio St. 788.

There are other decisions which hold the father responsible in such circumstances, founding the rule on his natural and legal obligation to take care of his children, who lose none of their claims on him by reason of the separation or divorce between their parents. In those cases his primary right to the custody of the children is recognized; but it is considered that he may assert this right in the courts, and if he shows himself a proper person to have their custody, and it would consist with the children's welfare, he will obtain it. But the mere fact that the children stay with the mother, either voluntarily or by decree of court, is deemed insufficient to exonerate the father from his duty to provide for them. Stanton v. Willson, 3 Day 37; Prentzinger v. Prentzinger, 45 Ohio St. 452; Plaster v. Plaster, 47 Ill. 290; McGoon v. Irvin, 1 Pinney 526, 44 Am. Dec. 409; Thomas v. Thomas, 41 Wis. 229; Gill v. Read, 5 R. I. 343; Cowls v. Cowls, 8 Ill. 435, 44 Am. Dec. 708; Buckminster v. Buckminster, 38 Vt. 248, 88 Am. Dec. 652; Dolloff v. Dolloff, 67 N. H. 512; Zilley v. Dunwiddie, 98 Wis. 428; Gilley v. Gilley, 79 Me. 292; Holt v. Holt, 42 Ark. 495; Courtwright v. Courtwright, 40 Mich. 633.

The proposition has been passed on in cases in this State which are directly in point, and the rule laid down that the

father remains liable to the mother for such necessary disbursements made by her in behalf of the minor children after a decree of divorce, thus placing the law in this State in harmony with the law in the jurisdictions where the cases last above cited arose. Chester v. Chester, 17 Mo. App. 657; Rankin v. Rankin, 83 Mo. App. 335. "In case of a divorce in which the custody of the children is awarded to the wife and provision is not made for their support out of the property of the husband, he still remains liable for their support," said the Supreme Court of Missouri in Biffle v. Pullam, 114 Mo. 50.

In Rankin v. Rankin, supra, this court said in discussing a case identical with this one:

"The money thus expended by her for a duty which he (the husband) primarily owed, was just as legal a charge against him as if it had been contributed by a total stranger, for after the obtention of the divorce, that was the legal status which she occupied toward the defendant. If a third party had supplied the children of defendant with the necessaries, a recovery might have been had to that extent without proving any further agreement than that implied by law for the fulfillment of the father's duty to the child; hence, in this case, there was no necessity for alleging or proving that the money furnished by the plaintiff was in accordance with an express agreement with the defendant."

In that case, as here, the husband had abandoned his wife, gone to Texas, and there procured a divorce; so the matter is no longer open unless we see fit to revise the doctrine declared in that case. But we feel no inclination that way. We regard the rule therein recognized as the better and wiser one and are unable to see any sound objection to it—unable to see why a father should not support his helpless offspring because he is no longer married to or living with their mother. If he is entitled to their custody, which is denied him, he has

an ample remedy to enforce his right, if he is a deserving person, and the denial affords no justification for his renouncing his paramount duty to protect them from want. This duty he has no right to shift onto the mother, often and almost always much less able to cope with the world and earn money than he is. Let him look to the legal remedy and invoke the courts regarding their society and custody; not selfishly refuse to provide them with the necessaries of life.

We know of no principle of law by which appellant was exonerated from the obligation to support his children prior to the time he obtained the divorce; that is, from the date the demand was made on him in May, 1897, at which time he ceased to furnish them at all, to January, 1898. He voluntarily deserted both home and children, leaving them to get along as best they could; that is, to be taken care of by their mother or starve. In acting thus he ignored his undoubted obligation to support them, and must answer for what the mother was compelled to disburse to preserve them from want.

The circuit court committed no error in refusing the first declaration of law above cited, for two reasons: first, there is no substantial evidence that plaintiff withheld the custody and society of his children from him; and, second, it is not the law in this State that he was excused from supporting them if she did.

As to the second declaration of law, the evidence is conclusive that the defendant did refuse to provide for his children—refused absolutely as to the three older ones and conditionally as to the three younger, and the condition he imposed was one he had no right to impose for the reason that the courts are open to him to obtain their custody if entitled to it, as heretofore stated. The same reasoning and remarks are pertinent to the other declarations of law requested by the appellant. Each of them either enunciated a doctrine not rec-

ognized in this jurisdiction or was unsupported by the testimony.

Finding no error in the trial, the judgment is affirmed. *Bland, P. J.*, and *Barclay, J.*, concur.