# ALICE LA RUE, Appellant, v. PAUL KEMPF, Respondent.

**St. Louis Court of Appeals, December 8, 1914.**

1. **DIVORCE: Parent and Child: Liability of Father for Support of Child.** In the absence of a provision made for the support of minor children, the father continues primarily liable therefor after divorce, and the mother, having their custody, may ordinarily recover from him for their maintenance, if he fails or refuses to furnish it; but where, in connection with the divorce proceedings, a settlement is made, whereby the father

makes provision for the future support of the minor children, which is accepted by the mother as satisfactory, he is no longer liable, *in an action by her*, for support furnished them by her, whatever liability may otherwise continue to attach to him, growing out of his legal duty to provide for his offspring.

2. ———: ———: ———: **Defenses.** In an action by a divorced wife to recover from her former husband for the support of their minor children, whose custody had been awarded to her, the fact that he had repeatedly offered to take the children himself and support them was no defense to the action; her refusal to permit him to take them not justifying his refusal to provide for their maintenance.

3. **APPELLATE PRACTICE: Harmless Error.** The giving of erroneous instructions and the erroneous admission of evidence is innocuous, where, under the evidence, the court should have directed a verdict for the party in whose favor such errors were committed.

4. **RES ADJUDICATA: Issues Concluded: Action on Same Demand: Action on Different Demand.** There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action, concluding the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

5. ———: **Rationale of Doctrine.** The doctrine of *res adjudicata* proceeds upon the theory, on the one hand, that it is to the interest of the State that there should be an end to litigation, and, on the other hand, that the individual should not be twice vexed for the same cause.

6. ———: **Matters Determined: Parol Evidence.** Where the record, in a former action, does not show what questions were determined therein, that fact may be shown by extrinsic parol evidence.

7. ———: **Issues Concluded: Facts Stated.** In an action by a divorced wife, who had been awarded the custody of the minor

children, to recover from her former husband for their maintenance for ten years, defended on the ground that he was released from liability by an agreement entered into in connection with the divorce proceedings, under which he had paid her a sum of money in satisfaction of his liability for their maintenance, and on the ground that, in a former suit by plaintiff to recover for their maintenance for a period of thirteen months, in which defendant pleaded the same agreement as a release, judgment was entered for defendant, *held* that the briefs filed by the attorneys in the former action established that the question of the effect of the agreement in the divorce case was submitted in such action and determined in defendant's favor, and hence plaintiff was estopped, as a matter of law, from maintaining the present action, under the principle that a judgment in a former action is conclusive as to all questions that were actually in issue and adjudicated therein, notwithstanding the cause of action in the subsequent suit is not the identical cause of action that was involved in the former.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*H. C. Whitehill* for appellant.

(1) There can be doubt that under the law of this State a father who obtains a divorce from his wife, or, who is divorced by his wife, is still liable to the mother for necessaries, support, education, etc., furnished the children of the marriage, where the decree of the divorce makes no provision for their maintenance, etc., where the custody of such children is left by the decree to the care and nurture of the mother. Rankin v. Rankin, 83 Mo. App. 336; McClosky v. McClosky, 93 Mo. App. 393; Meyers v. Mcyers, 91 Mo. App. 151; Lukowski v. Lukowski, 108 Mo. App. 204; Shannon v. Shannon, 97 Mo. App. 119; Seely v. Seely, 116 Mo. App. 362. (2) Error was committed by the court in allowing defendant to testify he was ready, able and willing to take and support the children, which could not possibly be a

good defence or excuse for not providing their mother with the means of their support, or for not reimbursing her for such expense. McClosky v. McClosky, 93 Mo. App. 402. (3) The court erred in refusing to declare as a matter of law that the suit mentioned in the evidence and the pleadings as having been instituted by plaintiff against defendant before a justice of the peace, was not *res adjudicata.* 23 Cyc., p. 1178; Foundry & Machinery Co. v. Mfg. Co., 100 Mo. App. 414; State v. Hollingshead, 83 Mo. App. 682; Garland v. Smith, 164 Mo. 22; 23 Cyc., p. 1166; Scott v. Black, 96 Mo. App. 472; McKenzie v. Donnell, 208 Mo. 63; Cromwell v. County of Sac, 94 U. S. 351; Baumhoff v. Railroad, 205 Mo. 248. While it is true a single cause of action cannot be split, yet a single contract, such as the liability of a father for the support of the minor children may give rise to several causes of action. William v. Kitchen, 40 Mo. App. 604; Railroad v. U. S., 168 U. S. 48; Womach v. St. Joe, 201 Mo. 479; Baumhoff v. Railroad, 205 Mo. 248.

*Schnurmacher & Rassieur* for respondent.

(1) It is true that in the absence of provision for the support and maintenance of minor children, the father continues primarily liable therefor after divorce, and the mother, having their custody, may recover the cost of such support and maintenance from him, should he refuse to provide it. McCloskey v. McCloskey, 93 Mo. App. 393; Shannon, 97 Mo. App. 119; Lukowski v. Lukowski, 108 Mo. App. 204. (2) But that rule has no application to the case at bar, because the proof shows that substantial and satisfactory provision was made and a stipulation was placed on file in the divorce proceedings, evidencing that fact. The proof further shows that plaintiff accepted the amount paid her, in satisfaction of any claim she might have against defendant for the sup-

port of the children during minority. Dixon v. Dixon, 107 Mo. App. 682. (3) The question of defendant's liability to plaintiff is concluded by a final judgment between the parties, rendered in 1901, involving precisely the same questions now presented. The only difference between the former case and the present is as to dates. The liability sought to be enforced, the ground for it and the defenses interposed, are exactly the same. The period of time covered is the only difference. The former judgment is therefore *res judicata*. Bigelow on Estoppel (2 Ed.), 45; Freeman on Judgments, sec. 253; 24 Am. & Eng. Enc. Law (2 Ed.), p. 780; Cromwell v. Sac County, 94 U. S. 351; Freeman v. Barnum, 131 Cal. 386; Koehler v. Holt Mfg. Co., 146 Cal. 335; Markley v. People, 171 Ill. 260; Reynolds v. Mandel, 175 Ill. 615; s. c., 73 Ill. App. 379; Marshall v. Clothing Co., 184 Ill. 421, s. c., 83 Ill. App. 338; Rowell v. Smith, 123 Wis. 510; Railroad v. Cass County, 72 Neb. 489; Danziger v. Williams, 91 Pa. St. 234; Merriam v. Whittemore, 5 Gray, 316. (4) Where a suit is for the identical cause of action as that submitted and determined in a former suit, between the same parties, the judgment in the first suit is a conclusive bar, not only as to every matter which actually was offered or received to sustain or defeat the claim, but as to every other permissible matter which might or could have been offered by either party for that purpose. But where the second suit is upon the same general, but not upon the identical, claim or cause of action, then the former judgment operates as an estoppel only as to those matters, in issue, which were actually litigated and determined. Dickey v. Heim, 48 Mo. App. 114, and cases cited under point 3. (5) Where the pleadings and judgment in the former action, offered as a bar, do not disclose the precise point or question litigated and determined, the party seeking to avail himself of the judgment may prove, by extraneous evidence,

the precise point or question in issue and decided. Freeman on Judgments, sec. 273; Cromwell v. Sac County, 94 U. S. 353; Spradling v. Conway, 51 Mo. 51; West v. Moser, 49 Mo. App. 201. (6) As to the conclusiveness of the judgment, it matters not whether the former adjudication was right or wrong in law, or whether, upon the facts, its conclusion was correct or incorrect; such judgment is conclusive between the parties in all subsequent proceedings where the same point is in issue and where the doctrine applies. Roth Tool Co. v. Spring Co., 46 Mo. App. 1. Nor will it even matter that subsequent decisions may have somewhat modified the former adjudication; because, as to the same parties and the same issues, it remains conclusive. Turnverein v. Hagerman, 232 Mo. 693.

ALLEN, J.—This is an action whereby plaintiff seeks to recover from her former husband for the support and maintenance of two minor children of plaintiff and defendant, alleged to have been provided by plaintiff during the period from October 1, 1900, to October 1, 1910. The cause was tried before the court and a jury, resulting in a verdict and judgment for the defendant, and the plaintiff appeals.

The petition alleges that the plaintiff and defendant were married in 1896, and lived together as husband and wife until on or about December 24, 1898, during which time there were born of the marriage two children. It is alleged that the defendant abandoned plaintiff and said minor children on or about December 24, 1898, and took up his residence in the State of North Dakota where, on September 1, 1899, he obtained a decree of divorce from plaintiff, by the terms of which decree plaintiff (defendant in the divorce proceeding) was awarded the custody and control of said minor children. And it is averred that from October 1, 1900, to October 1, 1910, the defendant neglected and refused to provide for said minor chil-

La Rue v. Kempf.

dren or either of them, except that he furnished plain-
tiff approximately $200 on account thereof; that
plaintiff provided for their support and maintenance,
the reasonable value thereof being $50 per month, a
total of $6000. And judgment is prayed for the sum
of $5800.

The answer denies that defendant abandoned
plaintiff, or said minor children; but admits that he
took up his residence in the State of North Dakota,
where he obtained a decree of divorce from plaintiff
as alleged by her. The answer further denies that
defendant neglected and refused, during the period
in question, to provide for said minor children, and
avers that he expended certain sums of money for
their support during such time. And it is alleged that
defendant repeatedly offered to take said children
and rear them, but that plaintiff refused to permit
him so to do.

The answer further avers that, at the time of the
divorce proceedings in North Dakota, defendant paid
to plaintiff the sum of $4500 for the maintenance and
support of herself and said minor children, during
the latter's minority, which plaintiff accepted and
received as and for a suitable and satisfactory provi-
sion therefor.

The answer then alleges that, on October 3, 1900,
plaintiff instituted against defendant an action before
a justice of the peace in the city of St. Louis to recover
$500 for the support and maintenance of said children
from September 1, 1899, to October 1, 1900; that in
said action judgment was rendered by the justice of
the peace in favor of defendant; that plaintiff there-
upon prosecuted an appeal to the circuit court of the
city of St. Louis, where, upon a trial *de novo,* judg-
ment was again rendered for defendant, from which
no appeal was prosecuted. And it is averred that the
same identical issues were involved in said former suit
as are involved herein; and defendant pleads said

judgment "as a determination and adjudication of the question of his liability to plaintiff for the support of said minor children, and pleads the same as a former adjudication and in bar of this action."

The evidence discloses that plaintiff retained counsel to represent her in said divorce proceedings, and filed an answer therein, which, however, was afterwards withdrawn. It appears that the sum of $4000 was paid by defendant to counsel representing plaintiff in the North Dakota court—and defendant testified that he permitted plaintiff to retain the proceeds of the sale of certain household furniture amounting to $500; and that, prior to the hearing of the divorce suit, an agreement was entered into between counsel representing plaintiff and defendant respectively therein, evidenced by a stipulation filed in court, and which the court evidently considered in entering its decree. By this stipulation it was agreed that the charge of adultery made against plaintiff (defendant in said action) would be withdrawn, and that the suit would proceed, if at all, upon other grounds set forth in the complaint; and that plaintiff (defendant there) should have the care and custody of the two children born of the marriage. By the stipulation it was further agreed, "That the plaintiff [defendant here] has made suitable and satisfactory provision for the maintenance and support of the defendant [this plaintiff] and said minor children."

The decree entered in the divorce suit on September 1, 1899, merely grants this defendant a divorce, and awards to this plaintiff the custody and control of said minor children.

On October 1, 1900, plaintiff, who in the meantime had married one La Rue, instituted an action before a justice of the peace in the city of St. Louis to recover the sum of $500 as for moneys expended by her from September 1, 1899, to October 1, 1900, for the support and maintenance of said minor chil-

dren, as is alleged in the answer. The suit was based upon an account filed. The defendant appeared in the action, and judgment was rendered in his favor. Thereupon plaintiff prosecuted an appeal to the circuit court of said city, where the cause was tried *de novo* before the court without a jury, and at the conclusion of the trial the court gave a declaration of law to the effect that plaintiff could not recover; and, plaintiff not taking a nonsuit, judgment was entered for defendant, from which no appeal was prosecuted.

Plaintiff denied having taken an appeal from the judgment of the justice of the peace, in the former action, and denied that she appeared and testified therein in the circuit court, though the affidavit for appeal appears to have been made by her and the cause was prosecuted to a finality in the circuit court. As there were no pleadings in the former action, and as the judgment entered therein was merely a general judgment for defendant, the record itself does not show what were the questions therein presented and submitted. However, there was parol evidence to the effect that the defense interposed therein was, as here, that the monetary settlement in North Dakota, and the stipulation above referred to, operated to relieve defendant from any liability to plaintiff for the support and maintenance of these children. And briefs filed in the circuit court, in the former suit, by counsel for plaintiff and defendant respectively, were admitted in evidence in the instant case; from which it appears that the above-mentioned defense was the only controverted question in the trial of the former cause.

There is much conflict in the evidence as to what provision the defendant made for his children during the period here in question. Plaintiff's testimony is to the effect that he contributed practically nothing to their support and maintenance. Defendant's testi-

186MoApp5

mony, on the other hand, is that he thus expended large sums of money during such period; and the evidence shows that he at least materially contributed to the children's support, and that at the time of the trial below he was making monthly payments to a juvenile court officer for their support and maintenance. And defendant declared that plaintiff was addicted to strong drink, and had squandered therefor moneys given her for the support of the children, which plaintiff denied. It is unnecessary, however, to rehearse in detail the evidence relating to these matters.

It is unnecessary to state fully the many assignments of error before us. They pertain to the giving of instructions at defendant's request, to the refusal to give certain instructions offered by plaintiff, and to the admission and exclusion of evidence. Such thereof as appear to be of consequence will be noticed later

I. It cannot be doubted that, in the absence of a provision made for the support and maintenance of minor children, the father continues primarily liable therefor after divorce; and that the mother, having the care and custody of such children, may ordinarily recover from the father for their support and maintenance should he fail or refuse to furnish the same. [See Ranken v. Ranken, 83 Mo. App. 336; McClosky v. McClosky, 93 Mo. App. 393, 67 S. W. 669; Shannon v. Shannon, 97 Mo. App. 119, 71 S. W. 104; Lukowski v. Lukowski, 108 Mo. App. 204, 83 S. W. 274; White v. White, 169 Mo. App. 40, 154 S. W. 872.] This, however, is conceded here; the defenses being, (1) that the agreement evidenced by the stipulation above mentioned, and the payment of the said sum of money thereunder, released defendant from liablity to plaintiff in the premises; (2) that defendant had nevertheless stood ready and willing to take the children

and support and rear them; and (3) the plea of former adjudication.

II. Though a father will ordinarily remain liable for the support and maintenance of his children, after divorce, and the law will imply a promise on his part to reimburse the mother therefor, where the latter has the custody of such children and supports and maintains them, nevertheless where, in connection with the divorce proceedings a settlement is made between the parents, whereby provision is made by the father for the future support of the children, which is accepted by the mother as and for a suitable and satisfactory provision therefor, this court has held that the father will no longer be liable *in an action by the mother* for such support and maintenance furnished by her, whatever liability may otherwise continue to attach to the father growing out of his natural and legal duty to provide for his offspring. [See Dixon v. Dixon, 107 Mo. App. 682, 82 S. W. 547.] And the ruling appears to be sound.

In the case before us, if the money paid by the defendant to plaintiff's counsel, at the time of the divorce proceeding, was paid under an agreement that the same should constitute a full and satisfactory provision for the future support and maintenance of the children, and was accepted by plaintiff as and for a suitable and satisfactory provision therefor, then it seems clear that plaintiff cannot maintain this action. The stipulation offered in evidence shows upon its face that such was the agreement in the premises, under which the money was paid plaintiff. But plaintiff denied that her attorney was authorized to insert such a provision in the stipulation, and contended that the money was received by her from her former husband as her "interest in his estate," and in no measure for the support of the children. And

the matter was submitted to the jury by instructions for both plaintiff and defendant.

III.   We think that no error was committed in refusing instructions offered by plaintiff; and, in the view which we take of the case, it is unnecessary to review such refused instructions.   Neither do we perceive any error in the admission or exclusion of evidence, other than with respect to the admission of certain evidence now to be briefly noticed in connection with an instruction given for defendant, of which plaintiff complains.

Defendant was permitted, over plaintiff's objections, to testify, in effect, that he was, and had always been, ready and willing to take the children and support them, and had frequently offered to do this, but that plaintiff would not permit him so to do.   And defendant's instruction, above mentioned, told the jury that if they found and believed that defendant had "at all times been ready and willing to maintain, support and provide for such children, but that plaintiff refused to permit him to do so," then their verdict must be for defendant.

The instruction may be well enough in form That is to say, if the defendant ever sought to provide for the maintenance and support of the children, while they remained in the care and custody of the plaintiff, but was not permitted by her so to do, then doubtless plaintiff could not recover.   But there is no such evidence here, so far as we have been able to discover from the record.   Defendant's testimony (which was admitted over plaintiff's objections) is that he repeatedly offered to take the children himself and support and rear them.   But this constituted no defense to plaintiff's action.   Defendant, if not otherwise relieved therefrom, could not escape liability for the support and maintenance of his minor children by offering to take them from the mother who had

been awarded their custody; and her refusal to permit this would afford no justification to him for refusing to provide for their support and maintenance. [See McCloskey v. McCloskey, 93 Mo. App. 393, 67 S. W. 669.]

It was error to admit this testimony, and likewise to give the instruction in question, predicated upon such testimony. Such errors would ordinarily be highly prejudicial in a case of this character; but, for reasons which will be made to appear later, we think that they are here not reversible errors.

IV. As to the plea of former adjudication: The court evidently proceeded upon the theory that the judgment in the former suit was conclusive upon plaintiff here, precluding her recovery, if it was determined and adjudicated therein that the defendant was relieved from liability in the premises by reason of the agreement in North Dakota and the payment of the money by defendant thereunder. The matter, however, was referred to the jury by an instruction which directed a verdict for defendant in the event that the jury found that, in said former action, "the same questions were presented and submitted by the plaintiff and defendant as have been presented and submitted in the present cause."

It is earnestly insisted by learned counsel for appellant that the judgment in the former action cannot be invoked here, in bar or as an estoppel, and that the court should have so declared as a matter of law. This is said to be so particularly for the reason that the cause of action is not the same as that sued upon in the former action, and that the proof of the items claimed by appellant in this proceeding, covering the period of ten years in question, was necessarily not the same as that adduced in support of the former demand for support and maintenance of the children for the prior period of thirteen months.

As to the effect of the former judgment, it may be well to refer to certain general principles which should be here borne in mind. There is more or less confusion in the cases relative to the matter of former adjudication; and it is, of course, not possible to reconcile all of the cases, much less the *dicta* to be found therein. However, the principles here involved appear to be clear and firmly established in our jurisprudence.

There is a marked difference between the effect of a former judgment as a bar to the prosecution of a second action upon the same identical claim or demand, and the estoppel arising from the previous adjudication of some question upon which liability hinges in the subsequent suit, where the latter involves a different cause of action. Here it seems quite clear that the former suit between these same parties was not to enforce the same identical cause of action as that now sued upon. There the demand was for a different amount, claimed to be due for an entirely different period of time; and though the same questions may have been involved, affecting the right of recovery, the cause of action was not identically the same as that here sued upon, and the rules to be applied are those which must obtain in such a situation.

In the famous case of Rex v. The Duchess of Kingston, 20 How. St. Tr. 538, 2 Smith, Lead. Cas. (8 Ed.), 784, the statement of the law governing the force and effect of judgments and decrees was formulated as follows:

"From the variety of cases relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true: First, that the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, or as evidence, conclusive between the same parties, upon the same matter, directly in question in another court; secondly, that the judgment of a court of exclusive

jurisdiction, directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another court for a different purpose. But neither the judgment of a (court of) concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.''

In the leading case of Cromwell v. County of Sac, 94 U. S. 351, the rule is stated as follows:

''In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

''But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon

such matters is the judgment conclusive in another action.''

In Cyc. the rule is thus stated: ''The true test is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second if that same point or question as in issue and adjudicated in the first suit, otherwise not. Or, as the rule is otherwise stated, in a second action between the same parties on a demand different from that in the first action, the judgment in the first action is an estoppel only as to the points controverted, on the determination of which the finding or verdict was rendered. And in order that this rule should be applied, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first.'' [See 23 Cyc., p. 1300 et seq.]

In Bigelow on Estoppel, l. c. 45, after the discussion of many interesting cases, it is said:

''The rule in these cases is that a point once adjudicated by a court of competent jurisdiction, however erroneous the adjudication, may be relied upon as an estoppel in any subsequent collateral suit, in the same or any other court, at law, or in chancery, or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it; and this too, whether the subsequent suit is upon the same or a different cause of action. The cases upon this subject are very numerous.''

That where the cause of action in the subsequent suit is not the same identical cause of action as that involved in the former, the judgment is nevertheless conclusive as to all questions which were actually in issue and adjudicated in the former proceeding is

abundantly supported by the authorities, both in this State and elsewhere. [See Garland v. Smith, 164 Mo. l. c. 22, 64 S. W. 188; Turnverine v. Hagerman, 232 Mo. 693, 135 S. W. 42; Dicky v. Heim, 48 Mo. App. l. c. 118; Barkhoefer v. Barkhoefer, 93 Mo. App. l. c. 381, 382, 67 S. W. 674; Paving Co. v. Field, 132 Mo. App. 628, 97 S. W. 179; Roberts v. Neal, 137 Mo. App. l. c. 115, 119 S. W. 461; Hartwig v. Insurance Co., 167 Mo. App. l. c. 130, 131, 151 S. W. 477; Freeman v. Barnum, 131 Cal. 386; Koehler v. Mfg. Co., 146 Cal. 335; Markley v. The People, 171 Ills. 260; Reynolds y. Mandel, 175 Ills. 615; Rowell v. Smith, 123 Wis. 510; Freeman on Judgments, sec. 253; 24 Am. and Eng. Ency. Law (2 Ed.), p. 780.]

In the case before us, though the two suits covered different periods of time, and were hence founded upon different causes of action, nevertheless if in the former suit the question whether defendant was released from liability to plaintiff in the premises, by reason of the previous agreement aforesaid, was submitted, and was adjudicated in defendant's favor, then the judgment resting thereupon must operate as an estoppel here, where the very same matter is drawn in controversy, and upon which liability hinges.

The doctrine of *res adjudicata,* or former adjudication, proceeds upon the theory, on the one hand, that it is to the interest of the State that there should be an end to litigation (*Interest republicae ut sit finis litium*), and, on the other hand, that the individual should not be twice vexed for the same cause (*Nemo debet bis vexari pro eadem causa*). Here the estoppel raised is rather in the nature of estoppel by verdict (see Markey v. People, supra, l. c. 263; Reynolds v. Mandel, supra, l. c. 618); but the general principle is the same, and so is the result, whatever it may be denominated.

Nor can it be doubted that where, as here, the record in the former suit does not show what questions

were determined therein, this may be shown by extrinsic evidence, though it be by parol. [See Spradling v. Conway, 51 Mo. App. 51; West v. Moser, 49 Mo. App. 201.]

The trial court left it to the jury to say whether the "same questions were presented and submitted" in the former suit as here. But we have reached the conclusion that the court should have passed thereupon as a matter of law. Relative to the trial of the former cause in the circuit court all of the evidence is that the defense predicated upon the agreement in North Dakota was the only controverted question in the case. This is undisputably shown by the briefs of counsel filed therein, which were properly admitted in evidence here to show what was presented and submitted in the other suit.

In the brief filed therein for plaintiff it is said: "Plaintiff brings this suit to recover money paid by her in support of these children. Defendant contends that the stipulation offered in evidence by him defeats her action.". Then follows certain argument and points made, with authorities cited in support thereof.

In the brief filed therein by defendant the latter's counsel concedes defendant's liability for support of his minor children, in spite of the divorce and the awarding of the custody thereof to the plaintiff, unless provision has been made for their support. Reference is then made to the setttlement made with plaintiff in North Dakota and to the stipulation in question whereby it was agreed that "suitable and satisfactory provision" had been made for the maintenance and support of plaintiff and said children, which is asserted to be a complete defense.

In these briefs, which constitute the only written evidence as to what was actually adjudicated in said proceeding in the circuit court, there is no suggestion or intimation that any question was invovled other than that to which we have referred. And to the

same effect is the parol testimony adduced. This being so, it appears that the evidence on this question was such as to leave room for no possible conclusion other than that there was presented and submitted in the former suit, and determined in defendant's favor, the chief defense (other than this plea of former adjudication) here pleaded and relied upon. Hence, without saying when, in general, such a question is for the court and when for the jury, we are convinced that the court should here have passed thereupon as a matter of law, and should have declared that plaintiff could not recover in this action, as requested by defendant at the close of the case.

In this view the errors noted above cannot affect the result. Our conclusion is that the judgment should be affirmed; and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.