THERESA COURTRIGHT v. AARON COURTRIGHT.

_Support and protection of children._

The parental duty of giving personal care and protection to children is distinct from the duty to support them.

A father is under legal obligation to provide for the support of his children, even if they remain with their mother after her divorce; and as against the public and the children he cannot escape the duty.

40 MICH.—80.

Divorced persons agreed in writing that certain of their children
might stay with their mother as much of the time as they wished,
but that she should make no claim against the father for their
support, and in consideration of this the father agreed that they
might remain as aforesaid, and that he would of his own free
will do for them towards their support, maintenance and educa-
tion what seemed to him right, and at least would provide in
store pay and provisions each year for five years an amount in
value equal to fifty dollars. One child remained with its mother
one year, another five, and another six, and she had to give
them her personal care and protection. *Held* that the father
was bound to pay the mother fifty dollars a year for five years,
not as support due the children, but as recompense to the wife
for taking sole personal care of them.

Case made from Kent. Submitted April 10. Decided
April 24.

Assumpsit. Plaintiff had judgment below.

*E. S. Eggleston* for plaintiff.

*George Luton* for defendant.

Graves, J. This is a case made after judgment. The
facts were found by a referee who reported adversely to
the plaintiff and upon her exception the circuit court
overruled the referee in point of law and awarded judg-
ment upon his finding of the facts in favor of the plain-
tiff for $250. The defendant charges error.

The parties were formerly husband and wife; but
having been divorced they entered into a written agree-
ment as follows:

"It is agreed by and between Aaron Courtright and
Theresa Courtright (who is divorced from Aaron) as fol-
lows: that Frank, Kittie, Nellie, of their children may
remain and stay with said Theresa such portion of time
as they shall naturally desire henceforth after this date,
with the express understanding and agreement on the
part of Theresa Courtright that she will make no charge
or claim against the said Aaron Courtright for their *sup-
port*, and in consideration thereof the said Aaron agrees
that they may remain as aforesaid, and that he will of
his own free will do for them towards their *support, main-
tenance and education* what seems to him right, and *at*

*least he will provide in store pay and provisions each year for five years an amount in value equal to fifty dollars.*

Witness our hand February 28th, 1871.

AARON COURTRIGHT.

THERESA COURTRIGHT."

The plaintiff's action depends on this instrument.

The daughter Kitty remained with her mother about a year, Nellie during a chief portion of six years, and the son Frank about three years.

The defendant expended for the benefit of the children $434.11, but paid nothing to the plaintiff. Whilst the children were with her, however, she was called on to give them her personal care and personal protection, and this duty was wholly distinct from the duty to support them.

The defendant was subject to a legal obligation to provide for their support, and as against the public and the children he could not throw off the duty.

The plaintiff was competent to agree that she would make no claim against him for their support, and she so promised. But this did not necessarily touch her chance to raise some claim in consideration of her personal care and attention.

The instrument relied on is ambiguous and there is much difficulty in ascertaining its sense. It was made by these parties, however, as something which had their full assent, and there must have been an intention that in all its parts it should have practical effect, and unless it contemplated that the plaintiff should have rights under it capable of enforcement in a court of justice, a portion of it is without any force whatever, because it contains a positive promise to contribute fifty dollars per year, and it is plain that no one except the plaintiff can sue on it.

After much consideration we incline to the opinion the defendant became bound in law to pay the plaintiff fifty dollars a year for five years; not as support due the children, but as something in the nature of recom- pense for her assumption of the sole personal care of

the children. Whilst they should remain with her no part of this duty would be for him, but the whole of it would rest on her, and it is not unreasonable to suppose that this consideration induced this promise in her favor. It was not meant as a promise to her that he would support his children or would pay her for supporting them. But there is room for saying the design was that she should have $50 per year at least, in the form expressed, for her personal care and attention to the children, he in the meantime not having any duty of that kind to bestow. This view accords with justice and at the same time is consistent with the judgment of the court below.

The judgment must be affirmed with costs.

The other Justices concurred.