JOHN SYLVESTER McCLOSKEY and WM. E. McCLOSKEY, Appellants, v. ST. LOUIS UNION TRUST COMPANY, Executor of the last will of JOHN McCLOSKY, Deceased, Respondent.

St. Louis Court of Appeals. Opinion Filed June 19, 1919.

1. **PARENT AND CHILD:** Support of Minor Child: Divorce Decree Silent: Primary Liability of Father. Where a divorce decree was silent as to the custody of the minor children, the father remained primarily liable for their support and maintenance.

2. ————: ————: **One Furnishing Necessaries: Father Liable for Reasonable Value.** In the absence of provisions made by the father for the support of his minor children, one furnishing them with such things as may fall within the term "necessaries" under the circumstances of the case, may recover from the father the reasonable value thereof.

3. ————: ————: **Contract With Mother Not Controlling: Inadequacy of Support: Third Parties Furnishing Necessaries: Father's Liability.** Even though the minor children remained with the mother, under contract with the father, and the father paid to her the amounts therein specified for the support of the children, if the allowance was wholly inadequate, in view of the needs of the children and the father's means and station in life, and if the mother was entirely without means to provide further necessaries required by the children, then a third person, furnishing such necessaries, may recover from the father the reasonable value thereof; for a father with ample means does not discharge his obligation to support and maintain his offspring by making provision which is wholly inadequate therefor.

4. ————: ————: **Mother Unable to Provide Support: Liability of Father: Evidence.** In an action to enforce a claim against the estate of a deceased father for the reasonable value of alleged necessaries furnished to his minor children, *held* that there was not a total lack of evidence to support a finding that the mother was financially unable to provide the children with anything beyond that which could be supplied out of the father's monthly payments.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED.

*M. G. Baron* and *A. J. Stack,* for appellants.

(1) The liability for the support and maintenance of minor children rests primarily on the father. Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 393; Biffle v. Pullam, 114 Mo. 50; Rodgers v. Turner, 59 Mo. 115; Hardy v. Eagle, 54 N. Y. Suppl. 1045; Chester v. Chester, 17 Mo. App. 659. (2) When the deceased obtained a divorce from his wife under a decree, making no award of the custody of the children,

and which left them to the care and nurture of his former wife, his liability for their support and education remained just as it had existed before the obtention of the divorce. The children are no parties to the quarrels of the parents, they lose no rights thereby, and they or any third party could assert their rights for necessaries. See cases cited under paragraph 1; Sipple v. Gas Light Co., 125 Mo. App. 81, 94-95; Chester v. Chester, 17 Mo. App. 657; Lukowski v. Lukowski, 108 Mo. App. 209; Rankin v. Rankin, 83 Mo. App. 341. (3) Actual proof of an express demand upon the father to support his minor children, and of his refusal, is not essential to the cause of action of a party who has furnished them with necessaries after the father's separation from them, especially where it can be inferred from the evidence that by reason of the attitude assumed by the father a demand for support would have been wholly useless, since a refusal only, and nothing less, could have been expected. Hardy v. Eagle, 54 N. Y. Suppl. 1045; Minck v. Same, 54 N. Y. Super Ct. 136. (4) A promise to pay for necessaries furnished to a child will be implied by law from the parent's duty to support the child. Rankin v. Rankin, 83 Mo. App. 341; Porter v. Powell, 79 Iowa, 150, 18 Am. St. Rep. 353, 7 L. R. A. 176; Hardy v. Eagle, 54 N. Y. Suppl. 1045. (5) The knowledge of the parent that another person is boarding his child with the expectation of being paid therefor imports an obligation to pay. Clark v. Clark, 46 Conn. 586, 44 Am. Dec. 409. (6) The fact that the parent makes a weekly allowance to or for the children does not exempt him from liability for necessaries furnished to the children, if such allowance is not sufficient for their maintenance. Hardy v. Eagle, 54 N. Y. Supp. 1045 (7) The article furnished deceased's minor children by the claimants were necessaries. The father's property status, mode of life and condition at the time of the purchase of the articles furnished his minor children, fixes the status of the things purchased. And it is not changed by the father's subsequent change of

condition. McGraw v. Woods, 93 Mo. App. 647, 652; People v. Pierson, 176 N. Y. 201, 63 L. R. A. 187; Schouler on Domestic Relations, (5 Ed.), p. 370; Munson v. Washband, 31 Conn. 303, 133 Mass. 504, 114 Mass, 424, 42 Conn. 203. (8) That the court's finding of facts must be supported by the evidence. Nichols v. Carter, 49 Mo. App. 405; Meier v. Proctor & Gamble Co., 81 Mo. App. 419, 420; Sandige v. Hill, 76 Mo. App. 545-546. (9) That the court, when requested to make a finding of facts in a case, must find on all material issues, and failure to do so is ground for reversal. Downing v. Bourlier, 21 Mo. 149; Fahy v. Springfield Gro. Co., 57 Mo. App. 73; Ins. Co. v. Tribble & Pratt, 86 Mo. App. 546. (10) That the conclusions of law, when requested of the court, must be based upon the issues and evidence in the case. Freeman v. Hemenway, 75 Mo. App. 62. (11) The evidence in this case being almost entirely on depositions, the Appellate Court will review the evidence on appeal. Efron v. Car Co., 59 Mo. App. 641; Neil v. Cunningham, 149 Mo. App. 57-58.

*Bryan, Williams & Cave* for respondent.

(1) (a) Where a settlement or agreement is made between parents whereby the custody of minor children is given to the mother, and she agrees to support and maintain them upon the payment by the father of a fixed sum, the father is no longer liable in an action by her for support furnished them by her. LaRue v. Kemp, 186 Mo. App. 55; Dixon v. Dixon, 107 Mo. App. 682. (b) And where a third party knows that the mother has, under such an agreement, the custody of and has assumed the obligation of supporting minor children, such third party cannot bind the father for necessaries furnished them, unless he shows that the mother has abandoned such children or is unable or has refused to properly care for them. The evidence here contains no such showing. (2) (a) Here the plaintiffs are claiming for necessaries alleged to have been fur-

nished to their own brother and sister while they were living with the plaintiffs as members of the plaintiffs' family. In such a case the law presumes that whatever they furnished was furnished gratuitously, and it devolves upon the plaintiffs, before they can recover therefor, to prove an agreement to pay therefor, either by direct testimony or by facts and circumstances indicating a mutual understanding and intention to that effect. Morrison v. Morrison, 197 Mo. App. 532; Taylor v. George, 176 Mo. App. 218; Brand v. Ray, 156 Mo. App. 622. (b) Here there is no evidence of such a mutual intention, and, as the trial court concluded, the law will not imply a contract on the part of the father to pay therefor under the circumstances in this case.

ALLEN, J.—Plaintiffs are the adult sons of John McCloskey, deceased, and the action is one to enforce a claim against the estate of the said deceased for the reasonable value of a list of many items of alleged necessaries said to have been furnished by the plaintiffs to May McCloskey and Clarence McCloskey, minor children of John McCloskey, during the latter's lifetime. Upon appeal from the probate court to the circuit court of the city of St. Louis the cause was tried before the court, a jury having been waived, resulting in a judgment for the defendant executor, from which the plaintiffs prosecute the appeal before us.

Upon request of the plaintiffs the court stated in writing its finding of facts and conclusions of law, as follows:

## "FINDING OF FACTS."

"(1) That John McCloskey and Nellie McCloskey were married on April 3, 1877, and were husband and wife until January, 1898, at which time John McCloskey obtained a divorce in a foreign State from his wife, Nellie McCloskey, and that the decree of divorce so obtained is silent in respect of the custody of their children.

"(2) That J. S. and W. E. McCloskey, claimants herein, are the sons of John and Nellie McCloskey, and brothers of May and Clarence McCloskey.

"(3) That on December 24, 1902, John and Nellie McCloskey entered into a contract whereby, among other things, it was agreed that Nellie McCloskey should have the care and custody of May and Clarence McCloskey, and that he, John McCloskey, should pay to Nellie Mc-Closkey the sum of $16.70 per month for the support of each child during its minority.

"(4) That John McCloskey carried out the terms of said agreement and paid Nellie McCloskey the sum of $16.70 per month for the support of his daughter May until July, 1910, when she reached her majority, and $16.70 per month for the support of Clarence until February, 1911, at which time John McCloskey died.

"(5) That Nellie McCloskey lived in St. Louis, the home of John McCloskey, until the first part of August, 1907, with May and Clarence, and on August 6 1907, she moved to Monroe, Oregon, with May and Clarence, 'at the request of my son, James Eugene McCloskey.'

"(6) There is no evidence of any probative force that from December 24, 1902, the date of said contract for the support of May and Clarence, to August, 1907, when she left St. Louis for Oregon, that she raised any question in reference to the insufficiency of the amount which was being paid by John McCloskey for the support of May and Clarence, nor did she ever raise the question with him herself after her arrival in Washington (August, 1907) until the date of his death, February 17, 1911.

"(7) That there is evidence tending to prove that in September, 1907, John S. and W. E. McCloskey, claimants, wrote a letter to John McCloskey, in which they advised him that the amount he was paying for the support of May and Clarence was insufficient to provide them with necessaries, requesting him to increase it, and that should he refuse to do so they would provide

3—Mo. App.

such necessaries and would endeavor to collect by law the additional amount required to properly provide for May and Clarence. With this letter from John S. and William E. McCloskey was also inclosed a letter from May and a letter from Clarence to John McCloskey, stating that their allowances were insufficient for their support. The envelope containing the above letters from J. S. and W. E. McCloskey and May and Clarence was addressed to 'Mr. John McCloskey, President, St. Louis Carbonating & Manufacturing Co., 1607-9 Washington avenue, St. Louis, Mo.,' with return address of McCloskey Brothers, Monroe, Oregon, in upper left-hand corner, and deposited in the post office at Monroe, Oregon, postage prepaid.

"(8) That no copy was made of any of the above mentioned letters from John S. and William E. McCloskey, and May and Clarence to John McCloskey, and that the proof of the writing and contents thereof rests upon the testimony of Nellie, May and Clarence McCloskey—John S. and William E. McCloskey being incompetent under the statute to testify in reference thereto.

"(8) That there is no evidence tending to prove the receipt of the letters mentioned in paragraph 7, by John McCloskey, other than the presumption of law that a letter properly addressed and deposited in the mail, postage prepaid, is presumed to have been received by the addressee.

"(9) That no reply to said letters was ever received by any of the McCloskey family in Oregon, nor did any one of them write again to John McCloskey in reference to increasing the allowance of either May or Clarence up to date of the death of John McCloskey on February 17, 1911.

"(10) That many of the items on Claimants' Exhibit 'B' may be "necessaries' within the meaning of the law, but it is not important to determine which items are necessaries in view of the conclusion reached by the court in this case.

"(11) That John S. McCloskey and William E. McCloskey paid for the items appearing on Exhibit 'A,' less the amount sent by John McCloskey, pursuant to the terms of the contract dated December 24, 1902, between him and Nellie McCloskey, his former wife, and that the prices charged for such articles are reasonable.

"(12) That according to the testimony of Nellie McCloskey and other witnesses in their depositions, the reputed wealth and annual income of John McCloskey at some time during his life was from one hundred to one hundred and fifty thousand (principal), and ten to fifteen thousand dollars per annum (income) respectively; that according to the first annual settlement of his estate, filed in the Probate Court and offered and introduced in evidence in this case, his estate was valued at $2024.64.

"(13) That no evidence was introduced by defendant in this case, nor did defendant file any cross interrogatories, to be answered at the taking of the depositions.

### "CONCLUSIONS OF LAW."

"(1) That as long as the custody of May and Clarence remained with the mother, Nellie McCloskey, under the provisions of the contract of December 24, 1902, and the father, John McCloskey, paid her the amount therein specified for the support of May and Clarence, Nellie McClosky was the only person who could raise the question of the inadequacy of the amount received by her for the support of May and Clarence. Chester v. Chester, 17 Mo. App. 657, l. c. 662; Shannon v. Shannon, 97 Mo. App. 119, l. c. 123.]

"While the contract of December 24, 1902, was in force the father had no right to take the children and support them himself, or to employ anyone else to support them, without the mother's consent; Nellie McCloskey had no authority to bind John McCloskey by a contract for the support of the children, and no contract can be implied upon which the claimants can recover in this action. [Brow. v. Brightman, 136 Mass. 187.]

"(2) In the absence of an agreement, express or implied, between John McCloskey and claimants for the support of May and Clarence, no recovery can be had by claimants against the estate of John McCloskey, deceased. There is no evidence of an express agreement, and the law will not imply one from the facts in the case.

"Judgment will therefore be entered for defendant."

Plaintiffs, appellants here, insist that the trial court erred in its conclusions of law, and also failed to make a complete finding of facts.

That after the divorce decree, which was silent as to the custody of the minor children, the father, John McCloskey, remained primarily liable for their support and maintenance cannot be doubted. And indeed this is no wise disputed. Nor is it denied that in the absence of provisions made by the father for the support of his minor children one furnishing them with such things as may fall within the term "necessaries" under the circumstances of the case, may recover from the father the reasonable value thereof. [See LaRue v. Kempf, 186 Mo. App. 57, l. c. 66, and cases cited, 171 S. W. 588.]

The trial court's first conclusion of law, namely, that so long as the minor children remained with the mother, under the contract of December 24, 1902, and the father paid to her the amounts therein specified for the support of the children, the mother was the only person who could raise the question of the inadequacy of the amount thus provided for that purpose, is obviously not sound. We are not concerned with the mother's right, if any, to question the amount of the allowance; but in this connection see LaRue v. Kempf, supra. However, if the allowance was wholly inadequate, in view of the needs of the children and the father's means and station in life, and if the mother was entirely without means to provide further "necessaries" required by the children, then a third person, furnishing such necessaries, may recover from the father the reasonable value thereof; for a father with ample means

does not discharge his obligation to support and maintain his offspring by making provision which is wholly inadequate therefor.

The court's conclusion that the father had no right to take the children and support them, or employ anyone to do so without the consent of the mother, and the further conclusion that the mother had no authority to bind the father by a contract to support the children, are here beside the case. And while it is true, as the court states in effect, that a right of recovery herein must be predicated, if at all, upon a contract, express or implied, between the father and these claimants for the support of the children or the furnishing of necessaries to them, we do not agree that no contract on the part of the father may be implied in law from the evidence adduced, if the facts, upon a full and complete finding as to the issues of fact presented, are resolved in favor of the plaintiffs. The court made no finding as to the adequacy or inadequacy of the amounts provided by the father, nor did the court determine whether the things, or any of them, furnished to the children by the plaintiffs were such as to be denominated "necessaries" under the circumstances. Neither has the court made any finding of fact as to the ability of the mother to provide for the needs of the children, if any, beyond that which could be supplied by the monthly payments made by the father.

Respondent's position, in brief, is that since the father provided support and maintenance for these children by entering into a contract with the mother whereby she, in a consideration of the said monthly payments made to her, agreed to support the children, which contract was fully kept and performed by the father, no recovery may be had against him by any third person for the support or maintenance furnished the children, in the absence of a showing that the mother, through inability or otherwise, has failed or refused to furnish the same. It is said that "the burden was on the plaintiffs to prove all the facts necessary to their case, that

the mother is not ready, financially able, and willing to provide all the necessaries for such children;" and that "there is no evidence that the mother has ever refused to so provide such necessaries or that a demand upon her would be useless on account of her inability."

Respondent's theory may be well enough; at any rate we have no occasion to question it. But we do not concede that there is a total lack of evidence to support a finding that the mother was financially unable to provide the children with anything · beyond that which could be supplied out of the father's monthly payments. The mother testified, by way of deposition, that she and the minor children moved from St. Louis to Monroe, Oregon, so that the plaintiffs, her adult sons could support her and these children; and that the money paid monthly by the father was expended for the support of the minor children, but that "it was insufficient to meet the needs and the necessaries for the children." From this testimony the mother's financial inability to furnish support and maintenance for the children, beyond that supplied by the father's monthly payments, can be readily inferred. While the matter was not fully developed below, it may be inferred, from the evidence as a whole, that the mother was at the time so far destitute of means as to be dependent upon her adult sons for her own support, and that they—plaintiffs here—supplied the children with the things mentioned in their claim filed in the probate court because of the mother's inability to provide them therewith coupled with the inadequacy of the provision made by the father. It was competent for the court to reckon with the inference thus arising from the testimony adduced; but the court made no finding, as to this matter. The findings of fact should include a finding as to this issue of facts; and if this and the other questions of fact be resolved in plaintiffs' favor, a recovery may be had by them for such expenditures as may be shown to have been made for "necessaries" furnished by them to such minor children.

Since the trial court has failed to make a finding such as to dispose of the essential issues of fact in the case, and has erred in its conclusions of law upon the facts found, the judgment should be reversed and the cause remanded for further proceedings consistent with the views expressed above. It is so ordered.

*Reynolds, P. J.,* and *Becker, J.,* concur.