REBECCA WINNER, Respondent, v. M. SHUCART, Administrator of the Estate of LOUIS WINNER, Deceased, Appellant.

Kansas City Court of Appeals, November 10, 1919.

1. **PARENT AND CHILD: Obligation to Reimburse Divorced Wife for Necessaries Furnished Child.** The father of children is under an implied legal obligation to reimburse the mother for necessaries furnished them during their minority where a divorce has been granted to the wife and she has also been given the custody of the children.

2. ———: ———: **Child of Age.** A judgment against a deceased father's estate for necessaries furnished by his divorced wife to their children is excessive in so far as any allowance is made for necessaries furnished to a daughter after she became eighteen years of age.

3. ———: **Decree: Maintenance.** Where the divorce decree granted in another State is silent as to the maintenance of the children whose custody has been given to the wife, it is not necessary that the wife procure a modification of the decree in respect to maintenance before she can enforce her right to recover for necessaries furnished the children.

4. **WILLS: Presumption of Payment of Debt.** Where the husband left to a divorced wife a bequest less in amount than an unliquidated indebtedness owed her for necessaries furnished their minor children, there is no presumption that the bequest was in satisfaction of the indebtedness.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED (*conditionally*).

*Aubrey R. Hammett* for respondent.

*W. P. Cave* and *Hunter & Chamier* for appellant.

TRIMBLE, J.—This suit, originating in the Probate Court, is on a demand against the estate of Louis Winner, deceased, filed by his divorced wife to recover for necessaries expended in the support of their four children during minority and up to the date of decedent's death. The demand was for $20 per month, from September 1, 1898, until July 1, 1903, and for $40 per month from the last named date to May 3, 1913, the date of his death, with six per cent interest.

Decedent's first wife, the plaintiff herein, obtained a divorce from him on the 29th of October, 1903, in East St. Louis, State of Illinois, on the ground of abandonment. The decree was on personal service and awarded the wife the custody of the minor children but said nothing about either alimony for her or support and maintenance for the minor children. There were four of these at that time, the eldest being 15 years, 7 months, the next 13 years, 5 months, and the other two (twins), ten years, of age. The husband had left her some five or six years before she brought suit for divorce. For about four years of this time she lived in St. Louis, Missouri, and then moved to East St. Louis, Illinois, about a year before the decree of divorce and was residing there at that time. During these years the children lived with her and she supported them by her own labor. Her husband was in Texas and the Indian Territory, and later traveled from town to town in Missouri with a small stock of goods, being presumably a pedler. After the decree of divorce she returned to

12—Mo. App.

St. Louis, Missouri, where she kept a small millinery store, did dressmaking and supported her children by her own industry.

In the meantime her ex-husband located in Moberly, Missouri, and during the years that followed, the children visited their father during vacations, not more than three times in the summer. One of them, Abe, next to the eldest, staid with the father a very short while. Between September 1, 1903, and May 10, 1910, the father sent five payments of $25 each, one payment of $10 on May 10, 1910, one of $50 in August of that year, and one of $75 on December 15, 1911, toward the support of the children and possibly others. Those specified, however, were credited upon the account and deducted from the total thereof at the filing of the demand.

On January 19, 1904, the father and ex-husband married another; and by his second wife he had two children, who, at the date of their father's death on May 3, 1913, were respectively aged eight and six years.

At the time the plaintiff was divorced from him he had little or no property, but he seems to have prospered in the years thereafter and, upon his death he left a will in which he disposed of his estate as follows: He made a specific bequest of $5 to each of his children, gave $500 to one brother, $200 to another, $50 to an uncle, and the sum of $100 to each of six Jewish Benevolent Societies. He gave the widow, his second wife, Mrs. Rosa Winner, the household and kitchen furniture and $2500 cash in lieu of all her dower rights. To his former wife, Mrs. Rebecca Winner, the plaintiff herein, he gave $1000 in cash.

The remainder of his property he left to trustees for the purpose of supporting his widow, Mrs. Rosa Winner, and their two minor children, said trust to continue until the younger attained majority, when the trust was to cease, and the property was to be distributed as follows:

To his former wife, plaintiff herein, if living at that time and not remarried, four-sixths of all his property, and if not living or if she remarried, then said four-sixths were to go to the first set of children share and share alike. The other two-sixths of his estate was willed to his widow, Mrs. Rosa Winner, with the same limitation or condition concerning her death or remarriage, and in the event of either, the said two-sixths should go to the second set of children share and share alike.

As the claim originated in the probate court on a demand in the shape of an itemized account, there were no formal pleadings; but from the briefs it appears that the defense was, a general denial of liability, a plea of payment and a plea of the Statute of. Limitations in bar of any claim.

The facts above set forth are not in dispute, except possibly as to the extent the father had assisted in supporting and clothing the children of his first marriage.

In the circuit court on appeal a jury was waived, and the court in a special finding of facts and conclusions of law, found, among other things, the following:

"That the wife had the custody of said children and was entitled to and received the benefit of practically all their labor and earnings during their minority, but the evidence as to said labor and earnings was too meager for the court to place any value upon the same. That the action is based upon the implied legal obligation of the husband to reimburse the wife for moneys expended by her for furnishing necessaries for said children during their minority and not upon the contract between the husband and the wife mentioned in the evidence. That the said evidence established that shortly prior to the divorce decree of October, 1903, claimant and her husband entered into an agreement fixing the amount of the husband's legal liability for the support of the children for the time at $40 per month, but the evidence falls short of establishing a

complete and independent contract imposing upon the claimant the sole duty of furnishing said children the necessaries and upon the husband an obligation to reimburse the claimant for outlays made by her for such a mutual, open and current account that the last item thereof would draw the rest of the account after it and prevent the Statute of Limitations from running against the account. The court therefore finds and concludes that claimant is entitled to recover of defendant estate the reasonable value of necessaries which she furnished such of said children as were minors and during the life of said husband and the minority of such children, but within five years next before the presentation of claimant's demand to the probate court.''

The court further found that $10 per month per child was the reasonable value of the necessaries furnished; and deducted the last three credits appearing in the account. In other words, the court sustained the plea of limitations as to all claims back of five years prior to the death of Louis Winner, disallowed any claim for the support of the two older children, but allowed plaintiff for the support of the two younger children for the last five years at the rate of $10 per month for each of said two children; and rendered judgment for $1415. The defendant has appealed.

There was evidence offered in plaintiff's behalf tending to prove that before the divorce suit was brought, the deceased, being afraid of the effect of such a suit with a judgment for alimony and maintenance, sought out plaintiff and agreed with her on $40 a month as the amount to be paid by him for the children's support, and for this reason nothing was said in the decree about alimony or maintenance of the children; that Winner thereupon sent various sums of $25 each and when spoken to about sending and making further payments gave business troubles as his excuse for not abiding by his agreement. The trial court found that the evidence established that such an agreement was made, but that the suit was not on the contract, and

the evidence fell short of establishing "a complete and independent contract imposing upon the claimant the sole duty of furnishing said children the necessaries and upon the husband an obligation to reimburse the claimant for outlays made by her for such purpose." The court, therefore, rested the judgment upon the implied legal obligation of the husband to reimburse the wife for money expended by her in furnishing necessaries for said children during their minority. Plaintiff did not complain of the judgment by appealing, but joins in resting the case solely upon the implied legal obligation, and not upon an express contract.

We will not spend time discussing defendant's contention that the two younger children of the former marriage were old enough to support themselves and did support themselves for the five years next before their father's death. The evidence is ample to support the trial court's finding that the plaintiff furnished the necessaries for them during that time and as to reasonable value thereof being $10 per month per child. One of them, however, Etta, a girl, became 18 years of age in 1911, two years before decedent's death and later on we will deal with the effect of this on the judgment.

It is contended that the father was under no legal obligation to support his minor children as the divorce decree gave the mother their custody and said nothing about maintenance. And this, too, even in a case where the divorce was caused by the husband's fault. While there is great conflict among the authorities of the various States upon the question whether the wife may maintain an action against the husband for the past or future support of the minor children, yet we need not go into that. "According to the weight and reason of authority and the trend of the more recent cases, the view prevails that where a divorce is granted at the suit of the wife, and the custody of the minor children is awarded to her, but no provision is made in the divorce decree for their support, the wife may maintain an action against the husband to recover for ex-

penses incurred by her for their support." [20 R. C. L. 480.] In our State the *primary* duty of supporting the minor children rests upon the father, and the divorce of the father and mother does not determine that duty, regardless of the fact to which of the parents the custody of the children is assigned. [Chester v. Chester, 17 Mo. App. 657, 659; Keller v. St. Louis, 152 Mo. 596, 600; Biffle v. Pulliam, 114 Mo. 50, 54; Meyers v. Meyers, 91 Mo. App. 151, 157; Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 62; Cole v. Cole, 115 Mo. App. 466; McCloskey v. McCloskey, 93 Mo. App. 393, 400.]

Nor was the plaintiff required to apply to the court wherein the divorce was granted for a modification of that decree before she could enforce her right to recover. In the first place, the decree was silent as to maintenance. Her demand for necessaries furnished does not contravene any of the terms of that decree. In the next place, the decree was rendered in Illinois and the parties, at the time of the furnishing of the necessaries on which the present action is grounded, both lived in Missouri. She was not required to go to a foreign court to have it insert in the decree something not originally included therein. But aside from this, as the decree was silent on the question of maintenance plaintiff could maintain the present action, independent of the divorce proceeding, and recover. [Pretzinger v. Pretzinger, 45 Ohio St. 452; Courtright v. Courtright, 40 Mich, 633; Plaster v. Plaster, 47 Ill. 290; Holt v. Holt, 42 Ark. 495; Thomas v. Thomas, 41 Wis. 229; Buckmeister v. Buckmeister, 38 Vt. 248; Spencer v. Spencer, 97 Minn. 56; Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 393; Lukowski v. Lukowski, 108 Mo. App. 204, 209; Seely v. Seely, 116 Mo. 362; 20 R. C. L. 485, sec. 301.] This line of authorities also hold that the divorced wife can have a demand allowed against the estate of the father if he be dead. [See, also, Zillie v. Dinwiddie, 98 Wis. 428; Doloff v. Doloff, 67 N. H. 412; Eldred v. Eldred, 62 Neb.

613.] In the case of Plaster v. Plaster, 53 Ill. 445, the claimant was confined within the five years allowed by the Statute of Limitations, as the trial court confined the claimant in the case at bar.

It is next contended that the provisions made for the plaintiff by decedent in his will were in settlement of and satisfaction for the debt he owed. The will contained a provision that all his just debts should be paid. It contained no provision stating that the legacy left his first wife or the other provision therein made for her were in satisfaction of his debt to her. On the face of the will the bequests to her were nothing more than bequests. The indebtedness was unliquidated. The cash legacy is much less in amount than the debt, and, it is not shown that the whole provision made for her is equal to or greater than the entire debt not affected by the Statute of Limitations. Besides, the other provision is not so beneficial as the payment of the debt, is payable at a different time, is contingent and uncertain as to the amount. Hence, there is no presumption that the provisions of the will were in settlement of the debt. [40 Cyc. 1885-6-7-8.] The presumption of satisfaction is not deducible from the face of the will and the nature and character of its provisions. Hence, parol evidence is not admissible to show the testator's intention. [40 Cyc. 1889.] There was, however, no evidence that a settlement was had between the plaintiff and testator at or prior to the making of the will; and the bounty of the testator to his divorced wife can be regarded as much in the light of an attempt to atone for the way he had treated her as a payment of what he owed for the support of his children. The rule invoked by the defendant is not looked upon with favor by the courts, and very slight circumstances, such as those above indicated, will take a case out of its operation. [18 Am. & Eng. Ency. of Law (2 Ed.), 772, 773, 774, 775. See Stone v. Pennock, 31 Mo. App. 544, 555.] So numerous indeed are the exceptions to the rule invoked by defendant that it has been applied

in comparatively few cases only. [See note to Fidelity Trust Co. v. Martin, L. R. A. New Series 1915B, pp. 1157-1179.] And we cannot see our way clear to apply it in this case. Hence, the judgment cannot be reversed.

But the judgment allows $10 per month for each of the two younger children for the five years preceding and up to the death of decedent. As stated above, Etta became of age two years before that date. [R. S. 1909, sec. 402.] Hence, the judgment included support of that child during the last two years for which the estate was not liable. It should, therefore, be reduced to the extent of this support, or $10 per month for twenty-four months aggregating $240. That a father is liable for necessaries for the support of a son until he is twenty-one but of a daughter only until she is eighteen, when the latter is the more helpless and weaker of the two, presents a curious situation and we are fully aware of its apparent absurdity in most instances. But such is the statute and we are controlled by it.

If, therefore, the plaintiff will, within ten days from the announcement of this opinion, remit the sum of $240 with all interest from date of the judgment, the latter will be affirmed, otherwise it will be reversed and the cause remanded. It is so ordered. All concur