LEXON GENDRON, ADMINISTRATOR OF THE ESTATE OF SILAS L. GENDRON, DECEASED, HELEN GENDRON, GUARDIAN OF VAUGHN AND ILEEN GENDRON, DEPENDENTS, RESPONDENTS, v. DWIGHT CHAPIN & CO., EMPLOYER, NEW AMSTERDAM CASUALTY CO., INSURER, APPELLANTS.—37 S. W. (2d) 486.

St. Louis Court of Appeals.   Opinion filed April 7, 1931.

*Morrison, Nugent, Wylder & Berger* for appellants.

468

*Albert S. Ennis* for respondent, Helen Gendron, guardian.

HAID, P. J.—This is an appeal from a judgment of the circuit court affirming an award of the Missouri Compensation Commission in favor of the guardian of two minor children of a deceased employee, Silas L. Gendron, of Dwight, Chapin & Co.

The sole question raised on the appeal is that the commission and the circuit court erred in making an award to the guardian, in that error was committed in the interpretation of Section 21 (d) of the Workmen's Compensation Act (Section 3319 (d) of the Revised Statutes 1929).

That subdivision provides that "the word 'dependent' as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee in the following order and any death benefit shall be payable in the following order, to-wit:

1. A wife upon a husband legally liable for her support. . . .
2. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent or stepparent . . . "

The findings of fact of the commission concerning which no question is made, are as follows:

That on October 29, 1929, the employee sustained a personal injury by accident arising out of and in the course of his employment, the same resulting on his death on same date. That on September 8, 1917, deceased was married, three children being born of this marriage, two of which were living at the time of his injury and death, namely Ileen Gendron, age eight, and Vaughn Gendron, age ten.

On or about March 1, 1923, the deceased and his wife separated, and on September 14, 1929, Helen Gendron, wife of deceased was granted a divorce, the same giving to her the care and custody of the above named children. Vaughn Gendron had been living with the mother since the separation in 1923, but Ileen Gendron, had been living with the deceased's parents since she was about nine months old, the reason therefor being that the mother was unable to support both children. At the time of deceased's injury, and for a short time prior to said injury, he had been living with his parents and thus he and the child, Ileen, were living under the same roof. The evidence is not clear as to whether he had been contributing anything to said child's support, but there is no question that he had not contributed anything to Vaughn Gendron's support since the separation in 1923.

In its conclusions of law the commission held, in effect, that the provision that the child must be living with the parent at the time of his death in order for the presumption of dependency to be effective, applied only to a child or children over eighteen years of age, physically or mentally incapacitated from wage earning. It bases this upon the theory of the father's legal liability to support the children and that it would be a harsh rule to interpret the statute to mean that, although a father, due to his own wrong, has deserted his wife and minor children, the children could not recover compensation because he was not living with or supporting said children.

We quite agree with the commission that it seems harsh and unfair to deprive needy children of the benefits that would ordinarily be theirs under the compensation act, simply because, through no fault of theirs, a parent has deserted them and has not actually contributed to their support. However, if that is the result of the meaning of the statute we are powerless to award the relief which right and justice would seem to dictate. These are things for the Legislature to consider and not for us.

In construing the act we are bound to ascertain and give effect to the intention of the Legislature as expressed in the statute, and where the meaning of the language used is plain it must be given effect by the courts (Betts v. Kansas City Sou. Ry. Co., 314 Mo. 390, 284 S. W. 455, 461; Greer v. Ry. Co., 286 Mo. l. c. 534, 228 S. W. 1. c. 457; Sleyster v. E. Donzelot & Son (Mo. App.), 25 S. W. (2d) l. c. 148) and this without regard to the results of the construction or the wisdom of the law as thus construed (State ex rel. v. Wilder, 206 Mo. 541, 105 S. W. 272), and we have no right, by construction, to substitute any ideas concerning legislative intent contrary to those unmistakably expressed in the legislative words. [Clark v. Railroad Co., 219 Mo. l. c. 534, 118 S. W. l. c. 44.]

It will be observed that so far as a wife is concerned, she is entitled to compensation if the husband was legally liable for her support although, as a matter of fact, he had not given her that support (Cotter v. Valentine Coal Co. (Mo. App.), 14 S. W. (2d) 660; Woods v. American Coal & Ice Co., Mo. App., 25 S. W. (2d) l. c. 146), but not so as to children either those under eighteen years of age nor those over that age who were incapacitated.

If it was intended that there should be a different rule as between the two classes of children, the Legislature would undoubtedly have used language to indicate that the conclusive presumption should operate in favor of the first class upon the same basis provided for as to the wife. But another view is this—there is as much reason for the conclusive presumption in favor of the incapacitated child over the age of eighteen years as there is for such provision concerning a child under the age of eighteen years. The two commas, we think, serve the purpose of parentheses, and therefore, that the provision as to the parent with whom the child is living applies to all children, those under eighteen years of age as well as to those over that age who are incapacitated. Any other construction, it seems to us, would do violence to the language and punctuation used.

To construe this subdivision as the commission has construed it, it is necessary to rearrange the paragraph or to interpolate words. To do either would, in effect, be legislation by the court and that privilege is not accorded us. If the Legislature had inserted after the comma with reference to children under the age of eighteen years, the words "upon a parent legally liable for its support" or other

appropriate language, then there could be no question in this case as to the right of these children to recover, because in a long line of decisions of the courts of our State it is held that the father is primarily liable for the support of his children (McCloskey v. Trust Co., 202 Mo. App. 28, 213 S. W. 538; Kershner v. Kershner, 202 Mo. App. 238, 216 S. W. 547; Winner v. Shucart, 202 Mo. App. 176, 215 S. W. 905; Worthington v. Worthington, 212 Mo. App. 216, 253 S. W. 443; Walters v. Niederstadt (Mo. App.), 194 S. W. 514; Robinson v. Robinson, 268 Mo. 1. c. 709, and cases cited, 186 S. W. 1032) and a divorced mother has been permitted to maintain an action against the father to recover the reasonable value of support and maintenance of such children during their minority. [Kelly v. Kelly (Mo. App.), 11 S. W. (2d) 1107.]

We are satisfied that the construction placed upon the section by the Compensation Commission was erroneous. [Glaze v. Hart, decided by the Kansas City Court of Appeals, January 5, 1921, —S. W. (2d) —.] Courts of other jurisdictions have had similar questions presented to them and have taken the same view we have expressed above.

Section 4894 (c) of the Kentucky act, so far as the question here is concerned, is like that of our own statute. It was there contended, as the commission in this case concluded, that the provision as to living with the parent applied only to the second class, those over a certain age who were incapacitated. The Court of Appeals of Kentucky, however, in the case of Ramey v. Portsmouth By-Product C. Co., 27 S. W. (2d) 415, 416, held that the provision applied to both classes, that "No child is presumed to be dependent on a parent unless it actually lives with . . . that parent."

To the same effect, under the same or quite similar provisions, are the cases of McGarry v. Industrial Com. (Utah), 222 Pac. 592; Roberts v. Whaley, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189, and Ocean Acc. & G. Corp. v. Industrial Com. (Ariz.), 255 Pac. 598.

It will be observed that the commission found, as a fact, that "At the time of the deceased's injury, and for a short time prior to said injury, he had been living with his parents and thus he and the child, Ileen, were living under the same roof." This finding is amply sustained by the evidence. The evidence discloses that the deceased was home "quite a bit" and always stayed with his parents where his daughter was and had been since she was nine months old.

Was the above a sufficient finding upon which to base an award upon the theory that such child was living with deceased employee at the time of his death? If it is not, then there must be a reversal of the award in this case, because we have no authority to make

a finding. The act lodges that function in the commission (Bise v. Tarlton, No. 21418, decided by this court March 3, 1931, not yet published; Ocean Acc. & G. Corp. v. Industrial Com. (Ariz.), 255 Pac. 1. c. 602; McGarry v. Industrial Com. (Utah), 222 Pac. 593.)

The appellants contend that the phrase ''with whom he is living'' means something more than merely residing in the same house; that it contemplates a living with him as a provider in the home or habitation provided by him; that the parent and child are in fact occupying the natural relationship as such and fulfilling the usual obligations and duties of that relationship, whether or not they are legally required to do so.

We think this is rather a strained construction of the phrase. According to that theory, if a crippled parent, although employed, earns so little as to be unable with such earnings to provide a home and livelihood for his family and, therefore, is dependent upon the contributions of his children to meet the family needs, he is not the provider, and consequently living in the house with him does not constitute a living with him within the meaning of the statute.

Our statute does not attempt to define the phrase, but to construe it as the appellants would have us construe it, we would have to do exactly what the appellants have contended should not be done in construing the first portion of the subdivision concerning the presumption as to total dependency, that is, to read into the phrase words that it does not contain. This we cannot do, as we have heretofore stated. [Clingan v. Carthage I. & C. S. Co. (Mo. App.), 25 S. W. (2d) 1. c. 1085.]

In support of their contention, appellants rely principally upon the case of In re Nelson, 105 N. E. 357. That case does contain some language to support the views expressed by the appellants. The statute under consideration in that case provided that there should be a conclusive presumption of total dependency in favor of a wife upon a husband ''with whom she lives at the time of his death.'' The facts show that the husband and wife were voluntarily living apart, she in Nova Scotia and he in Boston and each was earning a living. It was held that to come within the statute there must be the existence of a common home, a place of marital association and mutual comfort, that there must be a real living together in order to obviate an inquiry as to dependency. This case is far from persuasive as applied to the facts in the case before us.

We have carefully considered the other cases cited and find the facts so different from those in this case that we do not regard them as in point.

But further, Section 3374 provides that ''All of the provisions of this chapter shall be liberally construed with a view to the public welfare and a substantial compliance therewith shall be sufficient

to give effect to rules, regulations, requirements, awards, orders or decisions of the commission, and they shall not be declared inoperative, illegal or void, for any omission of a technical nature in respect thereto.'' [Drecksmith v. Universal C. L. & D. Co. (Mo. App.), 18 S. W. (2d) 1. c. 87; Schrabauer v. Schneider Engraving Co. (Mo. App.), 25 S. W. (2d) 1. c. 535.]

In the present case the mother was awarded the custody of the children, but this did not prevent her from relinquishing such custody to another either temporarily or permanently, and this she did, so far as the daughter was concerned, when the child was nine months old. Ileen then became a member of the household of her grandfather and grandmother, of which Ileen's father was also a member, whenever he was in his home town. But appellants say it was not a home provided by the deceased employee. That may be true, and yet it was the home in which both the deceased employee and his daughter were members of the household at the time of the employee's death.

We think, therefore, that the finding of the commission was tantamount to a finding that Ileen was living with her father at the time of his death.

The appellants did not contest the allowance for the funeral bill and in view of the fact that under our opinion the appellants would, in any event, have to pay the amount fixed by the award to the dependents, it can be of no moment to them to whom such payment is made. [Clingan v. Carthage I. & C. S. Co. (Mo. App.), 25 S. W. (2d) 1. c. 1086.] The dependents have not taken an appeal from the award of the commission within the thirty days provided by the statute and, therefore, under Section 3342, Revised Statutes 1929, the final award of the commission as to them is conclusive.

It results that the judgment of the circuit court affirming the award of the commission should be and the same is hereby affirmed. *Becker* and *Nipper, JJ.,* concur.