HOLLEY

v.

MISSISSIPPI LIME CO. OF MISSOURI et al.

No. 43798.

Supreme Court of Missouri. Division No. 2.

April 12, 1954.

Earl B. Simpson and Luke, Cunliff & Wilson, St. Louis, for appellants.

Marvin Q. Silver, St. Louis, for respondent.

TIPTON, Presiding Judge.

This is an appeal from a judgment of the circuit court of Ste. Genevieve County which affirmed an award of the Industrial Commission, under the Workmen's Compensation Law, in the sum of $8,346, payable for 333.84 weeks at $25 a week, to Carolyn Sue Holley, the claimant, as a dependent infant daughter of James E. Holley, deceased.

It is admitted by appellants that James E. Holley was an employee of the Mississippi Lime Company, and that on July 16, 1950, he sustained injuries arising out of and in the course of his employment and died as a result of these injuries. By stipulation of the parties, it was agreed that the sole issue is the question of whether or not the claimant, who is a daughter of deceased, was a dependent within the meaning of the Workmen's Compensation law so as to entitle her to receive death benefits under that law.

This record shows that the claimant's mother, Betty Ruth Groshardt, married the deceased, James E. Holley, in October, 1944, in this state, and that deceased lived with his wife for 5 months and then left her. The claimant was born on October 20, 1945, in Scott County, Missouri. At Christmas time of 1945 the deceased bought some clothes for claimant and gave her mother $20 or $25 for her support. This is the only instance in the record which shows that deceased contributed anything toward claimant's support.

Claimant stayed with her grandparents in Missouri. Her mother went to Daytona Beach, Florida, and obtained work. She sent half of her salary to the grandparents to support the claimant. While there the mother was granted a divorce from the deceased by the circuit court at Daytona Beach. By the decree of divorce the mother was awarded the care, custody and control of the claimant. There was no award or judgment of alimony or support money, nor was there personal service on the deceased.

On August 31, 1947, claimant's mother married Norman Groshardt. In 1948 she came to Missouri and took claimant back to Florida, and thereafter she, her husband, Norman Groshardt, and claimant lived together and have done so since, except that at the time of this trial Norman Groshardt was overseas in the Army. Claimant's mother testified that Norman Groshardt treated the claimant as he did his own child, was kind to her and furnished her food and medical attention.

About the time of the death of James E. Holley the mother consulted an attorney in Philadelphia for the purpose of trying to get support for claimant from her father. This attorney then learned of Holley's death. The mother and her husband had considered adopting the claimant but did not take any legal steps to do so. The mother testified that, to her knowledge, Groshardt never attempted to get the claimant's father to reimburse him for any expenses for supporting Carolyn Sue.

Appellants contend that the claimant is not a dependent of the deceased employee within the meaning of the Workmen's Compensation Law because she was not actually being supported by the deceased employee, nor was she living with him at the time of the injury which caused his death.

Section 287.240, paragraph 4, RSMo 1949, V.A.M.S., reads in part:

"The word 'dependent' as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee and any death benefit shall be payable to them, to the exclusion of other total dependents:

"(1) A wife upon a husband legally liable for her support, * * * ;

"(2) A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, * * * *upon the parent legally liable for such support* or with whom he is living at the time of the death of such parent. * * * In all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury, and in such other cases, if there is more than one person wholly dependent the death benefit shall be divided equally among them". (Italics ours.)

This section was amended by the Legislature in 1943, and the portion above shown in italics was added to it. Kavanagh v. Dyer O'Hare Hauling Co., Mo.App., 189 S.W.2d 157.

Prior to the amendment of 1943, the appellate courts of this state held that where a minor child was not living with his father, there was no conclusive presumption that the minor child was a dependent of the father under the Workmen's Compensation Law, but that it was necessary to prove such dependency. For instance, in the case of Gendron v. Dwight Chapin & Co., 225 Mo.App. 466, 37 S.W.2d 486, loc. cit. 488, the St. Louis Court of Appeals said:

"We quite agree with the commission that it seems harsh and unfair to deprive needy children of the benefits that would ordinarily be theirs under the Compensation Act, simply because, through no fault of theirs, a parent has deserted them and has not actually contributed to their support. However, if that is the result of the meaning of the statute, we are powerless to award the relief which right and justice would seem to dictate. These are things for the Legislature to consider and not for us. * * *

"To construe this subdivision as the commission has construed it, it is necessary to rearrange the paragraph or to interpolate words. To do either would, in effect, be legislation by the court, and that privilege is not accorded us. *If the Legislature had inserted after the comma, with reference to children under the age of 18 years, the words 'upon a parent legally liable for its support'* or other appropriate language, then there could be no question in this case as to the right of these children to recover, because, in a long line of decisions of the courts of our state, it is held that the father is primarily liable for the support of his children (McCloskey v. [St. Louis Union] Trust Co., 202 Mo.App. 28, 213 S.W. 538; Kershner v. Kershner, 202 Mo.App. 238, 216 S.W. 547; Winner v. Shucart, 202 Mo.App. 176, 215 S.W. 905; Worthington v. Worthington, 212 Mo.App. 216, 253 S.W. 443; Walters v. Niederstadt, Mo.App., 194 S.W. 514; Robinson v. Robinson, 268 Mo. [703], loc. cit. 709, 186 S.W. 1032, and cases cited), and a divorced mother has been permitted to maintain an action against the father to recover the reasonable value of support and maintenance of such children during their minority (Kelly v. Kelly, Mo.App., 11 S.W.2d 1107)." (Italics ours.)

Evidently our 1943 Legislature gave heed to that decision, as it incorporated the very language that was suggested into the 1943 amendment.

In the case of Kennedy v. Keller, 225 Mo.App. 561, 37 S.W.2d 452, loc. cit. 453, the St. Louis Court of Appeals held that children of divorced parents are primarily dependent upon the father. In that case the mother had been granted a divorce and was awarded custody of the minor children. She was also awarded $25 a month for their support, which the father paid for eleven months only. The mother remarried and the children were supported by the stepfather. In holding that these children were dependent upon their deceased father (under the law prior to the 1943 amendment), the court said, "the duty to support them was not imposed upon their mother by the decree, but, on the contrary, was imposed thereby upon their father, so that he was bound to support them as a primary duty, not only by virtue of the law, but by

virtue of the decree of the court as well. There can be no question that the support which they received from their stepfather was such as their father was legally bound to provide as a primary duty."

In the case of Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875, the wife obtained a divorce from her husband and was awarded the custody of the minor children, with no provision made for their support. This court en banc held that the father's duty to support the minor children remained the same as at common law and, therefore, the mother could recover from the father the value of the support she furnished the minor children, that the father could not escape such liability by offering to take the children from the mother who had been awarded their custody.

Both appellants and respondent cite the case of Broemmer v. Broemmer, Mo.App., 219 S.W.2d 300, to sustain their contentions. In that case the mother left her home in Missouri and went to New Mexico, taking her infant child with her. While residing in the state of New Mexico, the wife obtained a divorce and was awarded custody of the child, but no monetary allowances were made against the husband. After the divorce the mother supported and maintained the child, and the husband contributed nothing for its support. The court held that where a minor child stays with the mother, either voluntarily or by decree of court, the father is liable for the child's maintenance and support and cannot escape such liability by offering to take the child from the mother. In ruling that case the court made the following statement, 219 S.W.2d loc.cit. 303, "The strict adherence to the common law making the father liable for the support of his child has its exceptions, as, for instance, where the child has been emancipated, or where the mother has contracted to and does support the child, or where the mother wrongfully obtains the custody of the child and

voluntarily supports it. No such exceptions exist in this case."

There is not the slightest evidence in this record tending to show that the claimant was emancipated, or that the mother had contracted for her support, or that the mother wrongfully obtained custody of the claimant. In other words, the above quotation relied upon by appellants has no application to the facts in the record before us.

Appellants also rely upon the case of Green v. Green, Mo.App., 234 S.W.2d 350. In that case the mother obtained a divorce and was awarded custody of the two minor children and $25 a month for their support. Their daughter attained her majority and the son enlisted in the Navy. The court held that when the son became a member of the military establishment of his country he was brought within the exclusive control of the Government and was emancipated so long as his military service continued, therefore, the decree for monthly payments for his support should be modified. However, that is not this case.

■ From the above mentioned cases we conclude that a minor child is a dependent of its father and he is liable for its support, even when its parents are divorced and the child is being supported by its mother, a stepfather, a stranger or a charitable institution.

■ Under the facts in this record, we hold that the claimant comes within the terms of section 287.240, paragraph 4, supra, and, therefore, is conclusively presumed to be totally dependent for her support upon her deceased father, and that the trial court properly affirmed the award of the Industrial Commission.

It follows that the judgment of the trial court should be affirmed. It is so ordered.

All concur.